COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-051-CR

 

 

JOHN VARGAS                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE
235TH DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury found Appellant John Vargas guilty of
aggravated robbery and assessed his punishment at forty-seven and one-half
years=
confinement and a fine of $10,000.  The
trial court sentenced Vargas accordingly. 
This appeal followed, and Vargas raises three points:  two points claiming that the trial court
erred by denying his motion for continuance and one point claiming that the trial
court erred by failing to hold a hearing on his motion for new trial.  We will affirm.

In his first point, Vargas claims that the trial
court erred by denying his motion for continuance because the State failed to
comply with the trial court=s
discovery order and thereby deprived Vargas of due process.  In his second point, Vargas claims that the
trial court erred by denying his motion for continuance because the State
withheld exculpatory materials that met the Brady[2]
materiality standard.  








Twelve days before the November 13, 2006 trial,
Vargas filed a written motion asking the trial court to reset his case because
the State had purportedly failed to turn over exculpatory evidence.  Vargas=s motion
for continuance alleged that A[t]he
State has not produced the other items of discovery granted by the Court which
will require additional investigation to be conducted by counsel.@  The motion for continuance was not presented
to the trial court until after the jury had been selected and Vargas had
announced ready for trial.  At that time,
Vargas explained thatCaccording to information in two
newspaper articles from 2003Ca
witness to the aggravated robbery had told Police Captain Blithing that the
robber was black.  Vargas is not black,
and Vargas claimed that the State should have disclosed the identity of this
witness.

The trial court ruled:

[T]he paper that you gave
me is dated Thursday, August the 28th, 2003, so, you know, that information if,
in fact, it is correct information, which I have to look at with a jaded eye
because it=s in a newspaper.  But if it is, in fact, correct information,
it was in the public domain since August the 28th, 2003. 

 

The trial court ultimately ruled that the discovery order it had
signed did not require the State to Aproduce@ the
identity of the alleged witness mentioned by the paper.  Defense counsel responded:

Your Honor, but in this instance, they did not
identify the witness who made the statement. 
All it does is says a witness.  So
what I=m asking
the Court is that as the trial commences and as the trial goes on if it isBI=m
assuming that I=m going to be given a police
report at the time the police officer testifies.  If within that report, I can identify
exculpatory information that was not produced, I=d like
to be able to reurge my motion at that time.

The State pointed out that it had an Aopen
file policy,@ and explained that 

I don=t know whether any
description of the person who supposedly engaged in this offense by an unknown
witness is exculpatory or not.  I believe
the evidence is going to show that the victim in this case is not going to be
able to identify this Defendant.  Whether
he thought at some point he was darker skinned than he appears to be today, I
don=t know whether that=s exculpatory or not.








But, in any event, obviously, [Defense Counsel] is now aware of any
such statement that such a witness made; and therefore, there is no such
violation of Brady versus Maryland as a result. 
He=s apparently known this
for some time and could prepare to cross-examine the State=s witnesses about
whatever description they may initially have given of the perpetrator.

 

. . .
.

 

I really don=t know
what relief he=s seeking.  I mean, he=s aware
of whatever information there is. 
Apparently, that=s the extent of the information
that somebody identified the perpetrator as - - I guess what the newspaper
says, as being a black person.  I don=t think
there=s any
other information in the State=s file
that would show any other or different description was given.  In fact, I don=t
believe there=s anything in the State=s file
that shows that statement was made by any witness.

The granting or denying of a motion for
continuance is within the sound discretion of the trial court.  Renteria v. State, 206 S.W.3d 689, 699
(Tex. Crim. App. 2006); Heiselbetz v. State, 906 S.W.2d 500, 511‑12
(Tex. Crim. App. 1995).  A defendant must
show Aspecific
prejudice to his defense@ to establish that the trial
court abused its discretion by refusing to grant a continuance.  Renteria, 206 S.W.3d at 699; Duhamel
v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986), cert. denied,
480 U.S. 926 (1987).








Here, Vargas did not reurge his motion for a
continuance at any point during trial. 
Thus, although Vargas filed a motion for continuance claiming that the
State had failed to comply with a trial court order requiring the production of
exculpatory evidence and that he needed more time to investigate, the trial
court apparently ruled that the information set forth in the Gainesville newspaper
articles was in the public domain and was not subject to the order the trial
court had entered.  The alleged witness=s
statement to a Captain Blithing was published in the newspaper on August 28,
2003, and Vargas=s trial started on November 13,
2006.  Vargas was free during trial to
cross-examine the State=s two witnesses concerning any
prior descriptions of the perpetrator that they may have provided and prior to
trial was able to investigate who had made the reported statement to Captain
Blithing.  Thus, Vargas did not show any
specific prejudice to his defense by the trial court=s
failure to grant a continuance.  See,
e.g., Renteria, 206 S.W.3d at 699; Ross v. State, 133 S.W.3d
618, 629 (Tex. Crim. App. 2004); accord Wilson v. State, 195 S.W.3d 193,
198 (Tex. App.CSan Antonio 2006, no pet.) (recognizing
that the bare assertion that counsel did not have adequate time to prepare for
trial is not proof of prejudice); Hullaby v. State, 911 S.W.2d 921, 927
(Tex. App.CFort Worth 1995, pet. ref=d).








And, according to the prosecutor, the State=s file
did not contain anything showing that a witness had indicated the perpetrator
was a black man.  Under Brady, the
State is not required to seek out exculpatory evidence independently on the
defendant=s behalf or to furnish him with
exculpatory or mitigating evidence that is fully accessible from other sources.  Harm v. State, 183 S.W.3d 403, 407 (Tex.
Crim. App. 2006).  We overrule Vargas=s first
and second issues.[3]

In his third point, Vargas claims that the trial
court erred by failing to hold a hearing on his motion for new trial which
alleged that the jury came to its verdict on sentencing by means of a quotient
verdict.  Vargas=s motion
for new trial states that Athe
sentence of the defendant issued by the jury appears to have been the result of
a quotient verdict in that the amount of time offers a year including a
fraction of a year.@ 
Vargas=s motion for new trial is
verified but is not otherwise supported by affidavits on this issue.  Vargas=s motion
for new trial was overruled by operation of law.  See Tex.
R. App. P. 21.8(c). 








If a defendant desires a hearing on a motion for
new trial, it is incumbent upon the defendant to present the motion to the
trial court within ten days of its filing in order to put the trial court on
actual notice that he desires the trial court to take some action on the motion
for new trial.  Tex. R. App. P.  21.6; Carranza
v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998).  When a defendant properly presents a motion
for new trial raising matters not determinable from the record, upon which he
could be entitled to relief, the trial court abuses its discretion by failing
to hold a hearing.  Tex. R. App. P. 21.7; Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993). 
In this context, to Apresent@ a
motion means the record must show that the movant for a new trial actually
delivered the motion for new trial to the trial court or otherwise brought the
motion to the attention of the trial court. 
Carranza, 960 S.W.2d at 79.  
Thus, the mere filing of a motion for new trial alone is not sufficient
to show presentment.  Id.

Presenting the motion for new trial and the
request for a hearing is akin to objecting to the erroneous admission of
evidence.  Rozell v. State, 176
S.W.3d 228, 230-31 (Tex. Crim. App. 2005). 
Absent a proper objection that alerts the trial court to the erroneous
admission, the error has not been preserved for appellate review.  Id. 
Thus, a reviewing court does not reach the question of whether a trial
court abused its discretion by failing to hold a hearing if no request for a
hearing was presented to it.  Id.  








The record before us fails to indicate that
Vargas presented his motion for new trial to the trial court.  Accordingly, we do not reach the issue of
whether the trial court abused its discretion by failing to conduct a hearing
on Vargas=s motion for new trial.  We overrule Vargas=s third
issue.

Having overruled each of Vargas=s three
issues, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL F: WALKER, J.;
CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: October 4,
2007

 











[1]See Tex. R. App. P. 47.4.





[2]Brady v. Maryland, 373 U.S. 83, 83 S. Ct.
1194 (1963).





[3]Vargas also filed a
motion to suppress that was heard at the same time as his motion for
continuance.  He moved to suppress any
statements he may have made to persons who were given consideration for their
trial testimony.  The trial court denied
Vargas=s motion to
suppress.  On appeal, Vargas does not
challenge the trial court=s ruling on his motion to
suppress, but he embeds a few of his trial court suppression arguments into his
issue on appeal concerning the ruling on his motion for continuance.  Because Vargas=s arguments concerning
any statements to witnesses who may have received consideration from the State
for their trial testimony were not presented to the trial court as a basis for
a continuance, we do not consider them here in connection with his first two
issues challenging the trial court=s ruling on his motion for continuance.  Todd v. State, 911 S.W.2d 807, 811-12
(Tex. App. B El Paso 1995, no writ.)