NO. 07-07-0178-CR, 07-07-0179-CR and 07-07-0186-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2008
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________
Â 
JUAN MANUEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-300050, D-1-DC-06-300153, D-1-DC-06-300049;

HONORABLE CHARLES F. BAIRD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Juan Gomez appeals three convictions and sentences committing him to
the Texas Department of Criminal Justice, Institutional Division, for the offenses of
aggravated robbery, aggravated kidnapping, and robbery. In two of the appeals appellant
presents an argument on the merits, but in the third case his counsel filed an Anders brief



and motion to withdraw. For the reasons that follow, we affirm the judgments of the trial
court in each case and grant counselâs motion to withdraw. 
Background 
Â Â Â Â Â Â Â Â Â Â Testimony showed that, about 10:00 p.m. on December 20, 2005, appellant and two
other men approached Ester Maldonado and her adult daughter Tomi Cepeda in an Austin
laundromat. One of the three pulled a gun on Maldonado and Cepeda and demanded
money. Another frisked Cepeda, who was eight months pregnant. When Cepeda asked
the trio to leave because she was pregnant, appellant, who apparently frisked Cepeda,
convinced the gunman they should depart. The trio then left the laundromat. 
Â Â Â Â Â Â Â Â Â Â Testimony also showed that during the early morning of January 4, 2006, appellant
and two men approached Jeremiah Murphy near the entry of his girlfriendâs Austin
apartment. One of the three brandished a gun and ordered Murphy to the ground. On
discovering he had no cash but an ATM card, they took the keys to his vehicle and forced
him to leave the apartment grounds with them. In the vehicle, appellant, seated in the
passenger seat, held a gun on Murphy. Another member of the trio drove and the third
rode in the bed of the truck. Unbeknownst to the kidnappers, Murphyâs girlfriend witnessed
the events from her apartment and summoned police. Outside the apartment complex a
police cruiser gave chase. 
Â Â Â Â Â Â Â Â Â Â Appellant was subsequently apprehended and indicted for the aggravated robbery



and aggravated kidnapping


 of Murphy and the aggravated robbery of Maldonado. The
State filed these allegations as separate offenses in cause numbers D-1-DC-06-300153,
the robbery of Maldonado; D-1-DC-06-30049, the aggravated kidnapping of Murphy; and
D-1-DC-06-30050, the aggravated robbery of Murphy.


 Appellant plead guilty to each
offense although by agreement the charge of aggravated robbery of Maldonado was
reduced to the lesser offense of robbery.


 Unable to reach a punishment agreement with
the State, appellant elected to have the court set punishment. The court accepted
appellantâs guilty pleas but deferred sentencing for preparation of a pre-sentence
investigation report. 
Â Â Â Â Â Â Â Â Â Â Appellant testified during the punishment hearing, as did his father and girlfriend. 
By his testimony, appellant admitted his involvement in the offenses. 
Â Â Â Â Â Â Â Â Â Â The court sentenced appellant to concurrent terms in the Texas Department of
Criminal Justice, Institutional Division of twenty years for the robbery of Maldonado, fifteen
years for the aggravated kidnapping of Murphy, and thirty years for the aggravated robbery
of Murphy. 
Â Â Â Â Â Â Â Â Â Â Appellant filed motions for new trial in each case which the court denied without a
hearing. These appeals followed.
Denial of Evidentiary Hearing on Motions for New Trial
Â 
Â Â Â Â Â Â Â Â Â Â In a single issue, appellant contends in cause numbers 049 and 050: 
âThe trial court abused its discretion in denying appellantâs motion for new
trial without conducting an evidentiary hearing on the issues of an involuntary
plea/ineffective assistance of counsel.â
Â 
Â Â Â Â Â Â Â Â Â Â We review a trial court's denial of an evidentiary hearing on a motion for new trial
for an abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). 
A defendant's right to a hearing on a motion for new trial is not absolute. Rozell v. State,
176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Thus, a trial court is not required to conduct
a hearing of the defendantâs motion for new trial if the matters raised in the motion are
determinable from the record, or if the motion and supporting affidavits are not sufficient
to put the trial court on notice that reasonable grounds for a new trial may exist. Jordan
v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). 
Â Â Â Â Â Â Â Â Â Â To deter "fishing expeditions," a prerequisite to a hearing on a motion for new trial
is that the motion must be supported by an affidavit showing the truth of the grounds of
attack. Reyes v. State, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). The affidavit offered
in support âmust reflect that reasonable grounds exist for holding that such relief could be
granted.â Martinez v. State, 74 S.W.3d 19, 21 (Tex.Crim.App. 2002) (quoting Jordan, 883
S.W.2d at 665). Generally, a hearing is necessary if the motion and attached affidavit or
affidavits raise matters not determinable from the record that could entitle the defendant
to relief. Wallace, 106 S.W.3d at 108. In reviewing a trial court's failure to conduct a
hearing of a motion for new trial, the appellate court must ask "whether, on this record, the
trial court could have reasonably denied appellant a hearing on his motion for new trial."
Wallace, 106 S.W.3d at 108 (emphasis in original). The trial court does not abuse its
discretion when it overrules the motion without a hearing if the motion and accompanying
affidavits do not show the movant could be entitled to relief. See Wallace, 106 S.W.3d at
108.
Â Â Â Â Â Â Â Â Â Â Besides a timely filed motion with supporting affidavits that demonstrate reasonable
grounds for relief, the rule requires timely presentation of the motion to the trial court. See
Tex. R. App. P. 21.6; Rozell, 176 S.W.3d at 230. "[T]o present a motion in the context of
a motion for new trial, the defendant must give the trial court actual notice that he timely
filed a motion for new trial and [that he] requests a hearing on the motion for new trial." 
Rozell, 176 S.W.3d at 230. In other words, if a defendant desires a hearing on a motion
for new trial, he must request one. Id. Absent a request for a hearing, the reviewing court
need not decide whether the trial court abused its discretion in failing to hold a hearing on
a motion for new trial. Id.
Â Â Â Â Â Â Â Â Â Â Here, appellant timely filed motions for new trial on March 6, 2007. Absent from the
record is evidence of an express request for a hearing on the motions.


 For purposes of
this opinion, we will assume, but do not decide, that appellant requested an evidentiary
hearing when he delivered generic orders to the court at the time of presentment of the
motions.
Â Â Â Â Â Â Â Â Â Â We proceed, then, to the inquiry whether appellantâs motions and affidavits show
reasonable grounds entitling him to a hearing of the motions. Jordan, 883 S.W.2d at 665. 
A trial court may not accept a plea of guilty unless it appears the plea was entered freely
and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2007). A prima
facie showing that the plea of an accused was knowing and voluntary is made when the
record shows the accused received admonishments in compliance with article 26.13 of the
code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.
2007); Smith v. State, 857 S.W.2d 71, 73 (Tex.App.âDallas 1993, pet. refâd); Soto v. State,
837 S.W.2d 401, 405 (Tex.App.âDallas 1992, no pet.). The burden then shifts to the
defendant to show he did not understand the consequences of his plea. See Smith, 857
S.W.2d at 73-74; Soto, 837 S.W.2d at 405. An appellant who claims his plea was
involuntary due to ineffective assistance of counsel must show by a preponderance of the
evidence that counsel's performance fell below an objective standard of reasonableness,
and the deficiency rendered his guilty plea unknowing and involuntary. Dusenberry v.
State, 915 S.W.2d 947, 949 (Tex.App.âHouston [1st Dist.] 1996, pet. refâd), citing
Rodriguez v. State, 899 S.W.2d 658, 664-66 (Tex.Crim.App.1995), cert. denied, 516 U.S.
946, 133 L. Ed. 2d 307, 116 S. Ct. 385 (1995). See also Strickland v. Washington, 466
U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Significant misinformation by counsel
that induces a guilty plea makes the plea involuntary. Ex parte Kelly, 676 S.W.2d 132,
134-35 (Tex.Crim.App. 1984); Fimberg v. State, 922 S.W.2d 205, 208 (Tex.App.âHouston
[1st Dist.], pet. refâd). 
Â Â Â Â Â Â Â Â Â Â By his affidavits supporting his motions for new trial, appellant averred his trial
counsel misled him into guilty pleas with no agreement for punishment under the belief the
court would render a more lenient sentence than the Stateâs plea bargain offer on
punishment of fifteen years confinement. In his brief, appellant tells us that he âdid not
recognize that he could receive more than the Stateâs offer by following his attorneyâs
advice.â 
Â Â Â Â Â Â Â Â Â Â Appellant does not contend the trial courtâs admonitions concerning the possible
sentencing range were inadequate, and we find the court properly admonished appellant
concerning the range of punishment, both orally and in writing. See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2007).


 After placing appellant under oath, the court
determined that appellant had no mental illness, his attorney had answered all his
questions, and he understood the purpose of the hearing. In response to the courtâs
questioning, appellant admitted guilt for the offenses alleged. According to appellant, his
plea was not based on a promise or compulsion. Appellant agreed with the court that his
counsel and the State were unable to reach an agreement for punishment. Appellant
acknowledged his decision that the court set punishment. The court then explained the
available sentencing range spanned five years to life in prison. Appellant acknowledged
his understanding of the punishment possibilities. Again he agreed that the punishment
decision was left to the discretion of the court. 
Â Â Â Â Â Â Â Â Â Â The thesis of appellantâs affidavit testimony in support of his motions for new trial
is he lacked understanding of the plea paperwork and the consequences of rejecting the
Stateâs plea offer and leaving sentencing to the judge. In his affidavits, appellant stated
he intended to accept the Stateâs plea bargain offer of fifteen years confinement but based
on his counselâs representation that âhe could get [appellant] a better deal if [he] plead
guilty and âtriedâ the case to the judge,â he rejected the plea offer. Concerning the plea
paperwork, appellantâs affidavits said, âI did not read or go over the entire paper before I
signed it. [Trial counsel] did not go over the plea paperwork with me word for word. What
I remember is that he basically pointed out where I should sign my name, and I did so.â 
Â Â Â Â Â Â Â Â Â Â The record of in-court proceedings tells a different story. At the plea hearing, in the
presence of appellant, his trial counsel asked to explain on the record some aspects of
appellantâs signing of the plea papers. He explained appellantâs reading and writing
deficiencies and told the court he discussed the waiver of rights document with appellant
âas if he were a Spanish speaker.â Counsel continued, telling the court, âIn other words,
we went over and looked at each line and discussed it and what it meant because his
language skills are very limited.â Appellant expressed no disagreement. To the contrary,
in response to specific questioning by the court that followed, appellant, under oath, agreed
that his attorney explained the document to him. Appellant told the court, âYes, he
explained it.â


 
Â Â Â Â Â Â Â Â Â Â Appellant urges Torres v. State, 4 S.W.3d 295 (Tex.App.âHouston [1st Dist.] 1999,
pet. refâd) and Reyes v. State, 82 S.W.3d 351 (Tex.App.âHouston [1st Dist.] 2001, pet.
refâd) support his claim of trial court error. We disagree.
Â Â Â Â Â Â Â Â Â Â In Torres, the parties waived a court reporter for the sentencing hearing so no
record existed of the trial courtâs admonishments and the responses or other testimony of
the defendant. 4 S.W.3d at 296. Further, the opinion does not discuss the effect of the
defendantâs responses to any written admonishments. Here, the reporterâs record sets
forth both the breadth of the courtâs admonitions and inquiry of appellant at the plea
hearing as well as appellantâs unequivocal responses. 
Â Â Â Â Â Â Â Â Â Â The facts in Reyes likewise distinguish it from the case at bar. There, based on the
affidavits of the appellant, his trial counsel, and another attorney, the appellate court found
issues concerning the content of conversations between the appellant and his counsel not
determinable from the record. 82 S.W.3d at 353-54. Reyes did not present a record
containing detailed and proper oral and written admonishments, clear and unequivocal
affirmative responses by the defendant, and a post-trial affidavit proffering the attempted
denial of plea-hearing testimony. The merits of appellantâs assertions in his motions for
new trial denying that he and his trial counsel thoroughly reviewed the plea admonishments
were fully determinable from the record, without a hearing.


 Accordingly, the case at bar,
unlike Reyes, comes within the settled rule that a hearing on a motion for new trial is not
required if the issue is determinable from the record. See Macri v. State, 12 S.W.3d 505,
510 (Tex.App.âSan Antonio 1999, pet. ref'd) (citing Reyes v. State, 849 S.W.2d 812, 816
(Tex.Crim.App. 1993)). Â 
Â Â Â Â Â Â Â Â Â Â As noted, appellant also contends his guilty plea was induced by his counselâs
misrepresentation that his punishment following an open plea would be less than the
Stateâs fifteen-year offer. As appellant describes it in his affidavit, he understood from his
lawyerâs advice that turning down the Stateâs plea offer was a no-lose deal for him,
because if he plead guilty the court could not sentence him to more years confinement
than the State offered, but could sentence him to fewer years. The contention runs directly
contrary to appellantâs affirmative responses to the court that he understood the courtâs
admonishments.


 To be entitled to a hearing on his motions, appellant was not required
to present facts establishing a prima facie case his plea was rendered involuntary by
significant misinformation from his counsel. See Jordan, 883 S.W.2d at 665. But he was
required to submit more than a new statement of his understanding of the available range
of punishment, different from the understanding he expressed when the court questioned
him about that very matter. In the face of his responses to the courtâs clear admonitions,
appellantâs affidavit does not present a reasonable ground for holding that his guilty plea
was induced by a misrepresentation by his counsel. 
Â Â Â Â Â Â Â Â Â Â Â Â For the same reason, we find appellantâs affidavits presented no reasonable basis
supporting the necessity of an evidentiary hearing of appellantâs claim of ineffective
assistance of counsel. See Messer v. State, 757 S.W.2d 820, 827-28 (Tex.App.âHouston
[1st Dist.] 1988, pet. refâd) (defendant plead guilty after receiving notice in open court that
all sentencing options were available, agreed he understood the courtâs punishment
latitude, and stated no promises were made to obtain his plea; second prong of the
Strickland standard not met). The record required no development to allow the trial court
to conclude the facts asserted in appellantâs affidavit would not support a finding of
ineffective assistance of counsel under Strickland. See Hernandez v. State, 84 S.W.3d
26, 35 (Tex.App.âTexarkana 2002, pet. refâd) (citing Messer, 757 S.W.2d at 828, and
finding no abuse of discretion in failure to hold hearing on motion for new trial asserting
ineffective assistance led to guilty plea).
Â Â Â Â Â Â Â Â Â Â Concluding the trial court did not abuse its discretion by failing to hold an evidentiary
hearing before overruling appellantâs motions for new trial, we overrule appellantâs single
issue in cause numbers 049 and 050.
Anders Brief in Cause Number 153
Â Â Â Â Â Â Â Â Â Â In cause number 153, appellant filed a motion for new trial asserting the verdict was
contrary to the law and evidence. The motion, unlike those filed in cause numbers 049 and
050, did not contain a supporting affidavit or otherwise argue ineffective assistance of
counsel resulted in an involuntary plea. By an order identical to those in 049 and 050 the
court denied the motion. Appellant does not now complain of the trial courtâs failure to
grant a hearing of the motion. Rather, his counsel filed a motion to withdraw from
appellate representation and a brief pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel states he diligently reviewed
the record and in his professional opinion there is no reversible error or legitimate grounds
upon which a non-frivolous appeal can arguably be predicated. He further represents that
a copy of the Anders brief was served on appellant. Attached to the brief was a copy of
a letter from counsel to appellant notifying him of his right to respond to the Anders brief
and review the record. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.âWaco
1994, pet. refâd). By letter, this court notified appellant that his attorney filed an Anders
brief and motion to withdraw and he was entitled to review the record and respond. 
Appellant made no response.
Â Â Â Â Â Â Â Â Â Â We will not rule on counselâs motion to withdraw until we have independently
examined the entire record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.âSan Antonio
1997, no pet.). If we determine the appeal has merit, we will remand the case to the trial
court for appointment of new appellate counsel. See Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App.1991).
Â Â Â Â Â Â Â Â Â Â The brief of appellantâs counsel discussed the procedural history of the case and
the evidence presented at trial. Counsel supported his discussion with citations to the
record and cases where applicable. Counsel specifically identified two issues. The first
was evidentiary, concerning appellantâs sole trial objection, which the court overruled, and
the second the courtâs order overruling appellantâs motion for new trial. In both instances,
counsel found the absence of reversible error. 
Â Â Â Â Â Â Â Â Â Â We have reviewed the entire record for any non-frivolous grounds on which an
appeal of cause number 153 could arguably be founded. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford, 813 S.W.2d at 511. In conducting
our review we also considered the record of cause numbers 049 and 050. While a certain
inconsistency exists in the appellate positions asserted in cause numbers 049 and 050,
which raise a merits argument, and the Anders claim here, we are not obligated to abate
and remand this case for appointment of new appellate counsel. Although briefed on the
merits, the appeals of cause numbers 049 and 050 present no points with arguable merit. 
See Anders 386 U.S. at 744 (a frivolous appeal is one without arguable merit). We,
therefore, agree with counsel that the record in cause number 153 presents no meritorious
issue which would support an appeal. 
Â 
Conclusion
Â Â Â Â Â Â Â Â Â Â In cause numbers 049 and 050, we find the trial court did not abuse its discretion
by not conducting a hearing of appellantâs motions for new trial. We affirm the judgments
of the trial court in cause numbers 049 and 050. In cause number 153, we grant counselâs
motion to withdraw


 and affirm the judgment of the trial court.
Â 

James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice













Do not publish.



n-bottom:0in;margin-bottom:.0001pt;
text-align:center;line-height:normal;border:none;mso-border-bottom-alt:solid windowtext .5pt;
padding:0in;mso-padding-alt:0in 0in 1.0pt 0in'>
Â 

Â 



Â 

Â 

VIENGKHONE SIKALASINH, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 

Â 



Â 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

Â 

NOS. 58,210-A, 58,211-A, 58,212-A, 58,213-A, 58,216-A, 58,217-A;

Â HONORABLE HAL MINER, JUDGE



Â 

Â 



Â 

Before QUINN, C.J.. and CAMPBELL and PIRTLE, JJ.

OPINION

Â Â Â Â Â Â Â Â Â Â Â  Appellant, Viengkhone Sikalasinh,[1]
was convicted by a jury of three counts of aggravated assault with a deadly
weapon, one count of aggravated assault with a deadly weapon--family member, and
two counts of aggravated robbery, each enhanced by a prior felony conviction.[2]Â  He was sentenced by a jury to six concurrent
sentences of twenty, twenty, ten, sixty, fifteen, and fifteen years confinement,
respectively.Â  Appellant asserts three
issues on appeal:Â  (1) whether the trial
court erred by requiring him to pay court-appointed attorney fees as a cost; (2)
whether there was legally sufficient evidence that he was able to pay
court-appointed attorney fees as a cost; and (3) whether he should be required
to pay transportation, meal and lodging expenses of a non-resident witness who
was neither an expert witness nor a peace officer.Â  We modify the trial court's judgment in Cause
No. 58,210-A to clarify that payment of $16,510.26 in court-appointed attorney
fees and $537.05 in witness fees is not a part of the court costs ordered in
the case and affirm the judgment as modified.Â 
The judgments in Cause Nos. 58,211-A, 58,212-A,
58,213-A, 58,216-A, and 58,217-A are affirmed.

Background

Â Â Â Â Â Â Â Â Â Â Â  On October 1, 2008, Appellant was indicted for aggravated assault with a
deadly weapon enhanced in three criminal actions;[3]Â  aggravated assault with a deadly
weapon--family member in a single criminal action;[4]
and aggravated robbery in two criminal actions.[5]Â  

Â Â Â Â Â Â Â Â Â Â Â  During
the course of the pretrial proceedings, Appellant filed three affidavits
requesting court-appointed counsel.Â  His
financial information showed he was too poor to employ counsel, and the trial
court granted his requests based upon financial need.[6]

Â Â Â Â Â Â Â Â Â Â Â  The State's six criminal actions
against Appellant were consolidated on August 10, 2009, and tried before a jury
over the next four days.Â  During its
case-in-chief, the State called the manager of the apartment complex where
Appellant's crime spree had occurred.Â  At
the time of trial, this particular witness had moved to McLennan County,
Texas.Â  Thus, the State subpoenaed her to
trial as an out-of-county or non-resident witness.

Â Â Â Â Â Â Â Â Â Â Â  Appellant
was convicted of all charges and sentenced in accordance with the jury's
verdict.Â  Subsequently, the trial court
approved a Witness Fee Claim for the non-resident witness's trial attendance
totaling $537.05 for lodging, meal, and travel expenses incurred.[7]Â  The trial court also approved an Attorney Fee
Voucher submitted by Appellant's court-appointed attorney for services rendered
from July 10, 2009 until the end of trial totaling $16,510.26.

Â Â Â Â Â Â Â Â Â Â Â  On September 1, 2009, the trial
court signed Judgments of Conviction by Jury in each of the six cases consolidated
for trial.Â  In each case, the summary
portion of the judgment reflects "Court Costs: see attached," while
the narrative portion of the judgment orders Appellant to pay court costs
"as indicated above."Â  In the
Clerk's Record from Cause No. 07-09-0301-CR (trial court Cause No. 58,210-A),
the first page following the judgment is a certified bill of costs, also dated
September 1, 2009, that reflects "Attorney Fees (Court Appointed)
$16,510.26" and "Witness Fee $537.05."Â  In the remaining five criminal actions, Cause
Nos. 07-09-0302-CR, 07-09-0303-CR, 07-09-0304-CR, 07-09-0305-CR and 07-09-0306-CR
(trial court Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A,
respectively), the first page following the judgment in the Clerk's Record is a
certified bill of costs reflecting no attorney's fees and no witness fees.Â  

Â Â Â Â Â Â Â Â Â Â Â  Issues 1 & 2 -- Court-Appointed
Attorney Fees

Â Â Â Â Â Â Â Â Â Â Â  Under article 26.05 of the Texas Code
of Criminal Procedure, the trial court has authority to order reimbursement of
appointed attorney fees if the court determines that a defendant has financial
resources that enable him to offset, in part or in whole, the cost of legal
services provided.Â  See
Tex. Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp.
2009).Â  The record before us,
however, does not contain a determination or finding by the trial court that
Appellant had any financial resources or was "able to pay" any appointed
attorney fees.[8]Â  In fact, subsequent to the judgment, the
trial court appointed an attorney to handle Appellant's appeal due to his
indigency.Â  

Â Â Â Â Â Â Â Â Â Â Â  Prior
to filing his appeal, Appellant did not have the benefit of the recent opinion
by the Court of Criminal Appeals holding that, without record evidence to
demonstrate a defendant's financial resources to offset the costs of legal
services, a trial court errs if it orders reimbursement of court-appointed
attorney fees.Â  Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010).Â  In light of
this recent ruling, the State candidly concedes that the court-appointed
attorney fees here, $16,510.26, should not have been included in the Judgment
as costs to be paid by Appellant because there is no record evidence indicating
Appellant is "able to pay."Â  We
agree.Â  Accordingly, Appellant's issues
one and two are sustained as to Cause No. 07-09-0301-CR (trial court Cause No.
58,210-A), but are overruled as to the remaining five actions.

Â Â Â Â Â Â Â Â Â Â Â  Issue
3 -- Witness Fees

Â Â Â Â Â Â Â Â Â Â Â  Appellant also asserts he is not
liable for the non-resident witness fees because there is no authority for him
to be ordered to pay, as costs of court, witness fees paid pursuant to article
35.27[9]
of the Texas Code of Criminal Procedure.[10]Â  The State contends that article 102.002 of
the Texas Code of Criminal Procedure authorizes the trial court to assess
witness fees paid pursuant to article 35.27 as costs of court.Â Â  We disagree with the State.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Every
person subpoenaed for the purpose of giving testimony in a criminal proceeding
who resides outside the county in which the prosecution is pending is entitled
to be reimbursed by the state for reasonable and necessary transportation,
meal, and lodging expenses incurred by that witness by reason of his or her
attendance as a witness.Â  See art. 35.27, Â§ 1(a).Â  Where a county has paid those expenses, the
county is entitled to reimbursement by the state as an assignee of the
witness.Â  See art. 35.27 Â§
7.Â  Here, pursuant to article
35.27, Â§ 7, Potter County was paid the sum of
$537.05 as compensation for the expenses incurred in connection with the attendance
of the non-resident witness in Appellant's case.Â  At issue here is whether the trial court properly
assessed the amount of that reimbursement against Appellant as costs of court.

Â Â Â Â Â Â Â Â Â Â Â  Article
35.27 provides a mechanism for the reimbursement of witness expenses; it does
not provide for the assessment of those expenses as costs of court.Â  Therefore, the State relies upon article
102.002 as authority for assessment of "witness fees" as costs of
court.Â  Because article 102.002 does not
expressly provide for the assessment of article 35.27 payments as costs of
court, resolution of this issue involves the statutory construction of article
102.002.




Â Â Â Â Â Â Â Â Â Â Â  Standard of Review

Â Â Â Â Â Â Â Â Â Â Â  Issues governed by statutory construction are questions
of law for the reviewing court to decide.Â 
City of Lubbock
v. Adams, 149 S.W.3d 820, 826-27 (Tex.App.--Amarillo 2004, pet. denied).Â  Because proper statutory construction is a
question of law, a trial court has no discretion in rendering an
interpretation; Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992), and no particular deference need be given to the
trial court's findings by the reviewing court.Â 
Bandera v.
Indep. Sch.
Dist. v. Hamilton, 2 S.W.3d 367, 370
(Tex.App.--San Antonio 1999, pet. denied).Â  Thus, when we construe a statute, we conduct
a de novo review; Texas Dep't of Transp. v. Needham, 82
S.W.3d 314, 318 (Tex. 2002), with our primary objective being to ascertain and
give effect to the Legislature's intent.Â 
Texas Dept. of
Protective and Regulatory Services v. Mega Child Care, 145 S.W.3d 170, 176
(Tex. 2004).Â  We construe a
statute as written and, if possible, ascertain the legislative intent from the
language used in the statute.Â  Union Bankers Ins. Co. v.
Shelton, 889 S.W.2d 278, 280 (Tex. 1994).Â  Thus, we begin with the plain and common
meaning of the statute's words.Â  Texas Dept. of Transp. v.
City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).

Â Â Â Â Â Â Â Â Â Â Â  Article 102.002 -
Texas Code of Criminal Procedure

Â Â Â Â Â Â Â Â Â Â Â  Chapter 102 of the Texas Code of
Criminal Procedure, entitled "Costs Paid by Defendants," provides a
general framework for the assessment of costs by a trial court in a criminal
proceeding.[11]Â  Under Subchapter A, entitled "General
Costs," we find article 102.002 dealing with "witness fees."

Â Â Â Â Â Â Â Â Â Â Â  Article
102.002 states as follows:

(a) Repealed
by Acts 1999, 76th Leg., ch. 580, Sec. 11(a), eff.
Sept. 1, 1999.

(b) The justices of the peace and municipal courts shall maintain a
record of and the clerks of district and county courts and county courts at law
shall keep a book and record in the book:

(1) the number and style of each criminal action
before the court;

(2) the name of each witness subpoenaed,
attached, or recognized to testify in the action; and 

(3) whether the witness was a witness for the
state or for the defendant.

(c) Except as otherwise provided by this subsection, a defendant is liable on conviction for the fees provided by this
article for witnesses in the defendant's case.Â 
If a defendant convicted of a misdemeanor does not pay the
defendant's fines and costs, the county or municipality, as appropriate, is
liable for the fees provided by this article for witnesses in the defendant's
case.

(d)Â  If a person is subpoenaed as a
witness in a criminal case and fails to appear, the person is liable for the
costs of an attachment, unless he shows good cause to the court why he did not
appear.

(Emphasis added).

Â Â Â Â Â Â Â Â Â Â Â  Pursuant
to article 102.002, in order for a defendant to be liable for witness fees, three
events must occur: (1) the defendant must be convicted, (2) the witness must
have testified in the "defendant's case," and (3) the fees must be "provided
by this article," i.e., article 102.002.Â 
See art. 102.002(c).Â  Here, clearly Appellant was convicted;
therefore, the two questions remaining are (1) whether or not the witness testified
in the Âdefendant's case,Â and (2) whether the fees paid were provided by
article 102.002.

Â Â Â Â Â Â Â Â Â Â Â  As
to the first question, Appellant contends that because the non-resident witness
testified in the State's case-in-chief only, she did not testify in the "defendant's
case."Â  The State disagrees,
contending that the article applies because the non-resident witness was a
witness in the prosecution of the defendant's case. Â Based upon our analysis of the second question
pertaining to whether the fees were provided by article 102.002, we need not
decide this question.

Â Â Â Â Â Â Â Â Â Â Â  As
to the second question, Appellant contends the plain language of article
102.002 does not provide for the assessment of non-resident witness fees paid
pursuant to article 35.27.Â  The State
counters by contending that it does.

Â Â Â Â Â Â Â Â Â Â Â  Prior
to its repeal in 1999, section (a) of article 102.002 provided:[12]

A person subpoenaed, attached, or recognized as a
witness, other than a witness entitled to
receive compensation under Article 35.27 of this Code, is entitled to
receive $1.50 per day in attendance in court and six cents per mile traveling
to or returning from the trial.Â  In order
to receive compensation under this article, the witness, or another credible
person representing the witness, must sign an affidavit stating the number of
days the witness attended the court and the number of miles the witness
traveled to and from the place of trial.Â 
The affidavit must be filed with the papers of the case. 

Â (Emphasis
added.)

Â  Â Â Â Â Â Â Â Â Â  Â Therefore, prior to the repeal of subparagraph
(a), the plain language of article 102.002 did not authorize a trial court to assess
non-resident witness fees paid pursuant to article 35.27 as costs of court.Â  Â Therefore,
the question becomes, by repealing subparagraph (a), did the Legislature intend
to remove that exclusion?Â  

Â Â Â Â Â Â Â Â Â Â Â  Any
analysis of the Legislature's intent in repealing subparagraph (a) is
complicated by the fact that in repealing that subparagraph, the Sixty-Sixth
Legislature also repealed subparagraphs (b) and (c), and then without making
reference to the repeal, amended subparagraphs (b) and (c) to include
procedures governing the prosecution and administration of misdemeanor offenses
in municipal courts.Â  See Act of May 22, 1999, 76th
Leg., R.S., ch. 580, Â§ 11(a), 1999 Tex. Gen Laws. 3119, 3123, approved
June 18, 1999, effective September 1, 1999 (repealing subparagraphs (a), (b)
and (c)); See Act of May 30, 1999, 76th
Leg., R.S., ch. 1545, Â§ 63, 1999 Tex. Gen. Laws 5314, 5329-30, approved June
19, 1999, effective September 1, 1999 (amending
subparagraphs (b) and (c)).Â  If the
intent of the Legislature had been the removal of the article 35.27 exclusion,
it seems the more simple solution would have been to repeal only that portion
of subparagraph (a).Â  Accordingly, an analysis
of the bill's history does not support the State's contention that witness fees
paid pursuant to article 35.27 are assessable as costs of court under article
102.002.

Â Â Â Â Â Â Â Â Â Â Â  Finally,
although counterintuitive to the ultimate position taken, the State argues that
no substantive change in the law was intended by the Legislature when it
repealed subparagraph (a).Â  We see no
reason to disagree with that analysis.Â 
If the Legislature did not intend to substantively change the provisions
of subparagraph (c), the repeal of subparagraph (a) did not expand the
assemblage of recoverable costs of court to include non-resident witness
expenses paid pursuant to article 35.27.Â 
Accordingly, we hold that article 102.002 does not provide for the
assessment of witness fees paid pursuant to article 35.27 as costs of
court.Â  Appellant's third issue is
sustained.Â Â  

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having
determined that the trial court erred by requiring Appellant to reimburse the
State for the costs of his court-appointed attorney and the non-resident
witness article 35.27 reimbursement expenses, we modify the judgment in Cause
No. 58,210-A to clarify that the order to pay court costs does not include a
requirement that he pay $16,510.26 in attorney fees or $537.05 in witness fees,
and the judgment, as modified, is affirmed.Â 
The trial court's judgments in Cause Nos. 58,211-A, 58,212-A, 58,213-A, 58,216-A, and 58,217-A are affirmed.Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Patrick
A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â  JusticeÂ  

Â 

Quinn, C.J. and Campbell, J., concurring.

Â 

Publish.











[1]We
note that while the judgment in each case states Appellant's first name as
"Viengkhone," the indictments in Cause Nos. 58,210-A, 58,211-A,
58,212-A and 58,213-A state Appellant's first name as
"Vienkhone."Â  Where names are
substantially the same in character and pronunciation, though slightly varied
in spelling, under the doctrine of idem
sonans, the variance is immaterial.Â  Jenke v. State, 487
S.W.2d 347 (Tex.Crim.App. 1972).





[2]See Tex. Penal Code Ann. Â§ 22.02(a)(2) (Vernon Supp. 2009) and. Â§ 29.03 (Vernon 2009).





[3]Cause Nos. 58,210-A; 58,211-A; 58,212-A.





[4]Cause
No. 58,213-A.





[5]Cause
No. 58,216-A; 58,217-A.





[6]At
various stages of the pretrial proceedings, two of Appellant's appointed-counsel
moved to withdraw from representation. Both motions were granted and new
counsel was appointed.





[7]The
Witness Fee Claim form, which is signed by the non-resident witness and
approved by the trial judge, requests the Comptroller of Public Accounts to reimburse
Potter County, pursuant to Tex. Code of Crim. Proc. Ann. article 35.27 (Vernon
2006), for expenses incurred by the witness, but paid by Potter County, on
account of her attendance as a witness in Appellant's case.





[8]Unless
a material change in his financial resources occurs, once a criminal defendant
has been found to be indigent, he is presumed indigent for the remainder of the
proceedings.Â  Tex. Code
Crim. Proc. Ann. art. 26.04(p) (Vernon Supp. 2009).





[9]Article 35.27 states, in pertinent part, as follows:

Every person subpoenaed by either party or otherwise required or
requested in writing by the prosecuting attorney or the court to appear for the
purpose of giving testimony in a criminal proceeding who resides outside the
state or the county in which the prosecution is pending shall be reimbursed by
the state for the reasonable and necessary transportation, meal, and lodging
expenses he incurs by reason of his attendance as a witness at such proceeding.

See Tex. Code Crim. Proc. Ann. art. 35.27, Â§ 1(a) (Vernon 2006).

Â 





[10]For
convenience, we will cite provisions of the Texas Code of Criminal Procedure
throughout the remainder of this opinion simply as "article _______."Â  





[11]The
overall framework for the assessment of costs by a trial court in a criminal proceeding
is both convoluted and confusing.Â  Part
of this confusion is created by the fact that customarily bills of costs
prepared by court clerks do not reflect the authority by which those costs are
assessed.Â  Adding to the confusion is the
plethora of overlapping legislatively enacted provisions dealing with costs to
be paid by criminal defendants.Â  See, e.g., Tex. Alco.
Bev. Code Ann. Â§
106.12 (Vernon 2007); Tex. Bus. & Com. Code Ann. Â§ 3.506 (Vernon Supp.
2009); Tex. Bus. Org. Code Ann. Â§ 10.365 (Vernon Pamph.
Supp. 2009); Tex. Code Crim. Proc. Ann. arts. 17.42,
17.43, 17.441, 37.073, 42.037, 42.12, 42.22, 45.0216, 45.026, 45.041, 45.051,
45.055, 45.0511(c-1), 45.0511(f)(1 - 2), 45.052,
45.203, 62.353, 102.001 - 102.072, 103.0031 (Vernon 2006 & Supp. 2009);
Tex. Edu. Code Ann. Â§37.011
(Vernon Supp. 2009); Tex. Fam. Code Ann. Â§Â§
8.262, 8.267, 8.302, 8.303, 45.106, 53.03, 54.032, 54.0411, 54.0461, 54.0462,
54.061, 81.003, 108.006, 110.002, 110.004, 110.005, 158.319, 158.403, 158.503,
160.762, 232.013 (Vernon 2006, 2008 & Supp. 2009); Tex. Gov't Code Ann. Â§Â§ 25.0593, 25.0594,
25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601,Â  51.702 - 51,703, 54.313, 54.403,54.745,
54.663, 54.913, 54.983, 54.954, 54.1116, 76.015, 82.0361, 102.001 - 103.033,
411.081 (Vernon 2005 & Supp. 2009); Tex. Health & Safety Code Ann. Â§Â§ 161.255, 469.004,
821.023 (Vernon 2010); Tex. Hum. Res. Code Ann. Â§ 152.0522 (Vernon 2001);
Tex. Local Gov't Code Ann. Â§Â§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (Vernon 2008 & Supp. 2009);
Tex. Parks and Wildlife Code Ann. Â§Â§
12.110, 12.308 (Vernon Supp. 2009); Tex. Transp. Code Ann. Â§Â§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (Vernon 1999,
2007 & Supp. 2009) (not intended as an exhaustive list).Â  We encourage court clerks to draft their
bills of costs in a manner that would allow a reviewing court to determine the
legal authority upon which a particular fee is based.Â  Furthermore, as pointed out by the concurring
opinion of Justice Campbell, as it currently exists, article 102.002 does not
provide for the assessment of any fees.Â 
Accordingly, we encourage the Legislature to consider clarification of
this article in particular and the entire court costs scheme in general.





[12]See Act of May 17, 1985, 69th
Leg., R.S., ch. 269 Â§ 1, 1985 Tex. Gen. Laws 1300, 1302.