Arthur Himel ROZELL, Appellant,

v.

The STATE of Texas.

Nos. PD–566–04, PD–567–04.

Court of Criminal Appeals of Texas.

Nov. 2, 2005.

---

11. *Id.* at 533, 123 S.Ct. 2527 (*quoting Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052).

R. Scott Shearer, Houston, for appellant.

Alan Curry, Asst. D.A., Houston, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PRICE, J., delivered the opinion for a unanimous Court.

The appellant was convicted of two separate counts of aggravated sexual assault of a child, and the jury assessed punishment at 15 years' confinement on each count. He filed a motion for new trial, but did not specifically request a hearing on the motion. The motion was overruled by operation of law. On direct appeal the appellant complained that the trial court did not, but should have, held a hearing on his motion. The court of appeals affirmed, holding that the appellant was not entitled to a hearing in the absence of a request for one. We granted review to determine whether the court of appeals erred. We affirm the judgment of the court of appeals because the appellant's motion for new trial did not put the trial court on notice that he was requesting a hearing.

## I.   Facts and Procedural History

After being convicted and sentenced for two counts of aggravated sexual assault of a child, the appellant filed a motion for a new trial in which he claimed that (1) he had newly discovered evidence, (2) trial counsel provided ineffective assistance, and (3) the evidence at trial was both legally and factually insufficient to support the jury's verdict. The motion was timely filed and supported by sworn affidavits.

The motion contains no request for a hearing. Two orders were attached to the motion. The first, labeled "Order–Time to Present," gave the trial court the option to set a hearing within ten days of filing, set a hearing within 75 days of filing, grant the motion without a hearing, or deny the motion without a hearing. A second order, labeled "Order–Determination," gave the trial court the option to deny or grant the motion for new trial.

The trial court made a notation on the first order, "Presented, 11–7–02." The trial court did not hold a hearing on the motion for new trial, and the motion was overruled by operation of law.[1]

On direct appeal, the appellant argued that, because the motion was presented, the trial court erred by not holding a hearing on the motion. The court of appeals affirmed the conviction and sentence, holding that the trial court could not abuse its discretion in denying him a hearing on his motion for new trial because the appellant never requested a hearing.[2]

---

1.  See Tex.R.App. P. 21.8(c)

2.  Rozell v. State, 137 S.W.3d 106, 108 (Tex. App.-Houston [1st Dist.] 2004).

## II. Parties' Arguments

In his petition and brief on discretionary review, the appellant argues that his motion was timely filed and presented to the trial court, was supported by affidavits, and raised matters that were not determinable from the record. He claims that all of the procedural requirements were met and that a hearing on the motion was mandatory. He believes that the court of appeals erred by creating a new requirement to obtain a hearing on a motion for new trial.

The State argues that the appellant did not request a hearing, and therefore, he cannot complain now that the trial court did not hold one. The State also claims that the affidavits attached to the appellant's motion did not show reasonable grounds that he was entitled to relief.[3]

## III. Law and Analysis

■■■ The right to a hearing on a motion for new trial is not absolute.[4] Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are not determinable from the record that could entitle the accused to relief.[5] In addition to timely filing the motion with supporting affidavits that demonstrate reasonable grounds for believing that some error has occurred,[6] the defendant must present the motion to the trial court.[7]

We have held that to present a motion in the context of a motion for new trial, the defendant must give the trial court *actual notice* that he timely filed a motion for new trial and requests a hearing on the motion for new trial. In *Carranza v. State*, we specifically addressed what it means to present a motion for new trial to the trial court. We quoted with approval language from Judge Overstreet's concurring opinion in the case that presentment includes actual notice of the desire to have a hearing.[8]

The rationale for this requirement is the same as that which supports preservation of error generally: A trial court should not be reversed on a matter that was not brought to the trial court's attention.[9] Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion.

■■■ Presenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence. Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review.[10] Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it.

---

3. Because we conclude that the appellant did not request a hearing, we need not address the State's contention that the affidavits did not specifically show the truth of the grounds for new trial.

4. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim.App.1993).

5. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim.App.2003).

6. *Reyes*, 849 S.W.2d at 816.

7. *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim.App.1998).

8. *Ibid.* (quoting with approval language from Judge Overstreet's concurring opinion in the case); *Id.* at 81 (Overstreet, J., concurring).

9. *Id.* at 78.

10. Tex.R.App. P. 33.1.

On the record before us in this case, we cannot conclude that the appellant's desire for a hearing was brought to the attention of the trial court. Nowhere in the motion did the appellant request a hearing. The order attached to the motion, labeled "Order—Time to Present," included the options of having a hearing or ruling on the motion without a hearing, which, without a more specific request, left to the trial court's discretion whether a hearing should be held. We hold that, in this case, the appellant did not adequately advise the trial court of his desire to have a hearing.

## IV. Conclusion

The record does not support the conclusion that the appellant presented a motion with a request for a hearing. Therefore, we hold that the error in failing to hold a hearing, if any, was not preserved for review. We affirm the judgment of the court of appeals.