NO. 07-09-0029-CR 

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 18, 2010

______________________________

 

CARLO RAMON COMPARAN, 

 

                                                                                                            Appellant

 

v.

 

THE STATE OF TEXAS, 

 

                                                                                                            Appellee

________________________________

 

FROM THE 390TH DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. D-1-DC-08-500048; HON. JULIE H. KOCUREK, PRESIDING

_______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Appellant
Carlo Ramon Comparan appeals his conviction for murder. He contends that 1) the
trial court should have granted him a hearing on his motion for new trial, and
2) he received ineffective assistance of counsel.  We affirm the judgment.  

            Background

            The victim, Michael Riojas, was
walking home from a bar along the frontage road of Interstate 35 around 2:00
a.m. on June 20, 2007.  At the time, he
was talking on his cell phone to his girlfriend in California.  He told her that someone was approaching him
and, after that, she was unable to converse further or re-establish contact
with him. Around 7:00 a.m., Riojas was found lying in the grass partially
clothed, barely breathing, and with a gash in his head.  He remained in the hospital for a month and
died several months later from complications resulting from his head
injury.  

            On
October 30, 2007, Patricia Trevino Comparan called the Austin Police Department
and indicated that her husband or boyfriend had assaulted Riojas with a
baseball bat.  The information was
referred to a detective with the Travis County Sheriff’s Department who
contacted Patricia and she again related that her boyfriend made her stop on
the side of the road and he assaulted a man with a baseball bat.  Through research, the officer learned that
appellant was her boyfriend.  She also
later identified her vehicle from a photo taken at a local Valero station by a
surveillance camera prior to the assault. 


            After
appellant’s arrest, Patricia stated that appellant’s cousin, Jose Flores, had
committed the assault.  Several days
later, she gave another statement in which she implicated appellant as the
perpetrator.  At trial, she testified
that she had only contacted the police because she was angry with appellant and
that she did not know what happened that night. 
Flores testified that appellant assaulted Riojas.  

            Issue
1 - Hearing on Motion for New Trial

            Appellant initially contends that the
trial court erred in failing to set a hearing on his motion for new trial.  We overrule the issue.

            The
right to a hearing on a motion for new trial is not absolute.  Rozell v. State, 137 S.W.3d 106, 108
(Tex. App.–Houston [1st
Dist.] 2004), aff’d, 176 S.W.3d 228 (Tex. Crim. App. 2005).  Indeed, unless requested, the trial court
need not convene one.  Id.  While the record at bar shows that appellant
may have presented his motion to the trial court, we cannot see where he
requested a hearing.  Rather, the
proposed order accompanying the motion simply spoke of granting or denying the
ultimate relief, i.e. the motion for new trial.  Nothing was said about a hearing.  Nor has appellant attempted to direct us to
that portion of the record illustrating that he asked for a hearing.  Accordingly, we cannot hold the trial court
responsible for doing that which appellant did not request.  Id.          


            Issue
2 - Ineffective Assistance of Counsel         

            Next,
appellant asserts that his counsel provided ineffective assistance because he
failed “to object to, or otherwise request a limiting instruction on the
States’ [sic] [use] of Patricia Comparan’s prior inconsistent hearsay
statements to the police.”  We overrule
the issue.

            Whether
or not appellant’s trial counsel requested it, the trial court nevertheless
submitted an instruction explaining to the jury that witnesses may be impeached
“by showing that they have made other or different statements out of court . .
. from those made before you” and that it “may consider such impeaching
evidence, if any[,] as it may tend to affect the weight to be given the
testimony of the witnesses so impeached and their credibility . . .; but such
impeaching evidence[,] if any, is not to be considered by you as tending to
establish the alleged guilt of the defendant . . . .”  Having received the instruction in question,
we cannot say that trial counsel’s purported failure to ask for it caused him
any prejudice.   Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (requiring one claiming ineffective
assistance to establish prejudice).  

            That
the jury was afforded the instruction at issue also distinguishes this case
from two cases upon which appellant relies. 
Those cases are Ramirez v. State, 987 S.W.2d 938 (Tex. App.–Austin 1999, no pet.) and Owens v.
State, 916 S.W.2d 713 (Tex. App.–Waco 1996, no pet.).  In neither case did defense counsel lodge an
objection or secure a limiting instruction. 
Further distinguishing our situation from those in Ramirez and Owens
is that defense counsel did lodge an objection to the State’s effort to call
the person who purportedly uttered the hearsay statement, i.e. Patricia.  And, because that objection was addressed
before trial, it need not have been uttered during trial to remain preserved. Tex. R. Evid. 103(a)(1); Martinez v.
State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (stating that one can
preserve error by having his objection entertained outside the presence of the
jury and if that occurs, the objection need not be reiterated during trial). 

            Regarding
the purported failure to object to the hearsay being reiterated by two police
officers without objection, the record illustrates that defense counsel did
object, on the basis of hearsay, when one of the officers was asked to disclose
whether Patricia told him appellant “swung the bat.”  However, the objection was overruled.  Also illustrated by the record is that
Patricia disclosed to the jury that she had told at least one officer that
“Carlo swung the bat hitting the man on the head.”  Thus, what the officers said was cumulative
of what Patricia disclosed, despite defense counsel’s prior effort to prevent
her from testifying.  So too were the
officers’ comments cumulative of what Flores stated.  Though Flores testified that he did not see
appellant swing the bat, he nevertheless heard a “real hard thump,” noticed the
bat in appellant’s hand, and saw appellant in a stance taken by one who had
just swung a bat.  Indeed, Flores
compared what he saw to a “Ken Griffey follow-through.”  This evidence is of import for it renders a
portion of Ramirez applicable to the circumstances before us.  The portion in question is that where the
panel acknowledged two other opinions wherein the failure to object to
purported hearsay was deemed potentially reasonable trial strategy because “the
hearsay . . . was cumulative of other evidence.”  Ramirez v. State, 987 S.W.2d at 945-46
(further stating that “[i]t is the absence of other probative evidence of
appellant’s guilt that makes it impossible to characterize counsel’s failure to
object . . . as trial strategy”). 
Accordingly, the judgment of the trial court is affirmed.[2]

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not publish.

             

            

              











[2]Appellant has the right to file a
petition for discretionary review of this opinion with the Court of Criminal
Appeals.