NO. 07-09-0029-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 18, 2010
_____

CARLO RAMON COMPARAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-08-500048; HON. JULIE H. KOCUREK, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Carlo Ramon Comparan appeals his conviction for murder. He contends that 1) the trial court should have granted him a hearing on his motion for new trial, and 2) he received ineffective assistance of counsel. We affirm the judgment.

*Background*

The victim, Michael Riojas, was walking home from a bar along the frontage road of Interstate 35 around 2:00 a.m. on June 20, 2007. At the time, he was talking on his

cell phone to his girlfriend in California. He told her that someone was approaching him and, after that, she was unable to converse further or re-establish contact with him. Around 7:00 a.m., Riojas was found lying in the grass partially clothed, barely breathing, and with a gash in his head. He remained in the hospital for a month and died several months later from complications resulting from his head injury.

On October 30, 2007, Patricia Trevino Comparan called the Austin Police Department and indicated that her husband or boyfriend had assaulted Riojas with a baseball bat. The information was referred to a detective with the Travis County Sheriff's Department who contacted Patricia and she again related that her boyfriend made her stop on the side of the road and he assaulted a man with a baseball bat. Through research, the officer learned that appellant was her boyfriend. She also later identified her vehicle from a photo taken at a local Valero station by a surveillance camera prior to the assault.

After appellant's arrest, Patricia stated that appellant's cousin, Jose Flores, had committed the assault. Several days later, she gave another statement in which she implicated appellant as the perpetrator. At trial, she testified that she had only contacted the police because she was angry with appellant and that she did not know what happened that night. Flores testified that appellant assaulted Riojas.

*Issue 1 - Hearing on Motion for New Trial*

Appellant initially contends that the trial court erred in failing to set a hearing on his motion for new trial. We overrule the issue.

The right to a hearing on a motion for new trial is not absolute. *Rozell v. State,* 137 S.W.3d 106, 108 (Tex. App.–Houston [1st Dist.] 2004), *aff'd,* 176 S.W.3d 228 (Tex.

Crim. App. 2005).  Indeed, unless requested, the trial court need not convene one.  *Id.* While the record at bar shows that appellant may have presented his motion to the trial court, we cannot see where he requested a hearing.  Rather, the proposed order accompanying the motion simply spoke of granting or denying the ultimate relief, *i.e.* the motion for new trial.  Nothing was said about a hearing.  Nor has appellant attempted to direct us to that portion of the record illustrating that he asked for a hearing. Accordingly, we cannot hold the trial court responsible for doing that which appellant did not request.  *Id.*

*Issue 2 - Ineffective Assistance of Counsel*

Next, appellant asserts that his counsel provided ineffective assistance because he failed "to object to, or otherwise request a limiting instruction on the States' [sic] [use] of Patricia Comparan's prior inconsistent hearsay statements to the police."  We overrule the issue.

Whether or not appellant's trial counsel requested it, the trial court nevertheless submitted an instruction explaining to the jury that witnesses may be impeached "by showing that they have made other or different statements out of court . . . from those made before you" and that it "may consider such impeaching evidence, if any[,] as it may tend to affect the weight to be given the testimony of the witnesses so impeached and their credibility . . .; but such impeaching evidence[,] if any, is not to be considered by you as tending to establish the alleged guilt of the defendant . . . ."  Having received the instruction in question, we cannot say that trial counsel's purported failure to ask for it caused him any prejudice.  *Thompson v. State,* 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (requiring one claiming ineffective assistance to establish prejudice).

3

That the jury was afforded the instruction at issue also distinguishes this case from two cases upon which appellant relies. Those cases are *Ramirez v. State*, 987 S.W.2d 938 (Tex. App.–Austin 1999, no pet.) and *Owens v. State*, 916 S.W.2d 713 (Tex. App.–Waco 1996, no pet.). In neither case did defense counsel lodge an objection or secure a limiting instruction. Further distinguishing our situation from those in *Ramirez* and *Owens* is that defense counsel did lodge an objection to the State's effort to call the person who purportedly uttered the hearsay statement, *i.e.* Patricia. And, because that objection was addressed before trial, it need not have been uttered during trial to remain preserved. TEX. R. EVID. 103(a)(1); *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (stating that one can preserve error by having his objection entertained outside the presence of the jury and if that occurs, the objection need not be reiterated during trial).

Regarding the purported failure to object to the hearsay being reiterated by two police officers without objection, the record illustrates that defense counsel did object, on the basis of hearsay, when one of the officers was asked to disclose whether Patricia told him appellant "swung the bat." However, the objection was overruled. Also illustrated by the record is that Patricia disclosed to the jury that she had told at least one officer that "Carlo swung the bat hitting the man on the head." Thus, what the officers said was cumulative of what Patricia disclosed, despite defense counsel's prior effort to prevent her from testifying. So too were the officers' comments cumulative of what Flores stated. Though Flores testified that he did not see appellant swing the bat, he nevertheless heard a "real hard thump," noticed the bat in appellant's hand, and saw appellant in a stance taken by one who had just swung a bat. Indeed, Flores

compared what he saw to a "Ken Griffey follow-through."  This evidence is of import for it renders a portion of *Ramirez* applicable to the circumstances before us.  The portion in question is that where the panel acknowledged two other opinions wherein the failure to object to purported hearsay was deemed potentially reasonable trial strategy because "the hearsay . . . was cumulative of other evidence."  *Ramirez v. State*, 987 S.W.2d at 945-46 (further stating that "[i]t is the absence of other probative evidence of appellant's guilt that makes it impossible to characterize counsel's failure to object . . . as trial strategy").  Accordingly, the judgment of the trial court is affirmed.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2]Appellant has the right to file a petition for discretionary review of this opinion with the Court of Criminal Appeals.