**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01129-CR

### IN RE ANTOINE MCLAMB, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389878**

## MEMORANDUM OPINION

On December 19, 2013, relator Antoine McLamb filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Brock Thomas, presiding judge of the 338th District Court of Harris County, to conduct an evidentiary hearing on a motion for new trial.

As an initial matter, relator's petition does not include the contents or adhere to the form required in a petition for writ of mandamus. *See* Tex. R. App. P. 52.3(j)

(requiring relator to certify that every factual statement in the petition is supported by competent evidence in the appendix or record), 52.3(k)(1)(A) (requiring relator to include a certified or sworn copy of any order or other document made the subject of relator's complaint), 52.7(a)(1) (requiring relator to include a certified or sworn copy of every document material to relator's claim for relief that was filed in the underlying proceeding). Moreover, relator has not paid the filing fee or filed an affidavit of indigence. *See In re Grable*, No. 14-04-00779-CV, 2004 WL 1946136, *1 (Tex. App.—Houston [14th Dist.] Sept. 2, 2004, orig. proceeding) (mem. op. per curiam) ("[W]e are not required to rule on matters unless a filing fee has been paid or a proper affidavit of indigence has been filed.").

Furthermore, to be entitled to mandamus relief with respect to a criminal law matter, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is relator's burden to provide the Court with a sufficient record to establish the right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also Young*, 236 S.W.3d at 210.

Relator fails to satisfy his burden, because he does not demonstrate that the relief he seeks is to compel a mere ministerial act by the trial court. There is no absolute right to a hearing on a motion for new trial. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). "A hearing is not required when the matters raised in the motion for new trial are subject to being determined from the record," and "even a defendant who has raised matters not subject to being determined from

2

the record is not entitled to a hearing on his motion for new trial unless he establishes the existence of 'reasonable grounds' showing that the defendant could be entitled to relief." *Lawal v. State*, 368 S.W.3d 876, 884 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (quoting *Smith*, 286 S.W.3d at 339). Moreover, "[t]o deter 'fishing expeditions,' a motion for a new trial on matters not determinable from the record must be supported by an affidavit showing the grounds of attack as a prerequisite to a hearing on that motion." *Lawal*, 368 S.W.3d at 884 (quoting *Smith*, 286 S.W.3d at 339).

Relator provides no evidence with his petition that he even has filed a motion for new trial. *See* Tex. R. App. P. 21.4(a), 21.6. Nor does relator provide any evidence that he filed an affidavit in support of any motion for new trial. *See Smith*, 286 S.W.3d at 339. Nor does relator provide any evidence he presented a request to the trial court to conduct a hearing on a motion for new trial. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) ("[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."). Thus, relator's petition does not establish his entitlement to the extraordinary relief of a writ of mandamus.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

3