

# NUMBER 13-13-00115-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SHAWN RICHARD BOUTIN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, and Justices Garza and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Shawn Richard Boutin pleaded guilty to three counts of aggravated sexual assault of a child less than six years of age, first-degree felonies, *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i, iii, and iv), (2)(B) and 22.021(f)(1) (West, Westlaw through 2013 3d C.S.), and a single count of continuous sexual abuse of a young child, a first-degree felony. *See id*, § 21.02 (West, Westlaw through 2013 3d C.S.). Bench trial

found appellant guilty and assessed punishment for each of the four counts at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. The sentences are to run concurrently. Appellant appeals his life sentences on the basis of cruel and unusual punishment. We affirm.

## I. PRESERVATION

By his sole issue on appeal, appellant argues the trial court's assessment of four concurrent life sentences constitutes cruel and unusual punishment in view of the evidence presented by the defense. *See* U.S. CONST. amend VIII; TEX. CONST. art. 1, § 13.

To preserve error for appellate review, an appellant must make a timely, specific request, objection, or motion and obtain a ruling from the trial court. TEX. R. APP. P. 33.1. "This requirement applies even to errors of constitutional dimension, including those asserting that a sentence is cruel and unusual." *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *Henderson v. State*, 962 S.W.2d 544, 548 (Tex. Crim. App. 1997)); *see Trevino v. State*, 174 S.W.3d 925, 972 (Tex. App.—Corpus Christi 2005, pet. ref'd).

To preserve an issue at trial by motion for a new trial, a defendant must present the motion to the trial court. *Richardson*, 328 S.W.3d at 61 (citing TEX. R. APP. P. 21.6); *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Filing a motion for a new trial by itself is insufficient for presentment; a defendant must ensure that the trial court has actual notice of it. *See Rozell*, 176 S.W.2d at 230; *Carranza v. State*, 960 S.W.2d 76, 79–80 (Tex. Crim. App. 1998) (en banc) (interpreting predecessor rule, which is

2

identical to 21.6). Actual notice may be evidenced by the judge's ruling, signature or notation on the proposed order, or by a hearing set on the court's docket. *See Carranza*, 960 S.W.2d at 79; *Richardson*, 328 S.W.3d at 61.

Appellant did not object to his sentence at the punishment hearing. Although appellant did subsequently file a motion for a new trial arguing that his punishment was cruel and unusual, there is no evidence in the record to show that appellant presented his new-trial motion to the trial court. Appellant failed to show that the trial court had actual notice of his motion for a new trial and, as a result, failed to preserve his claim for review. *See* TEX. R. APP. P. 21.6, 33.1; *Richardson*, 328 S.W.3d at 61 (holding defendant's claim of cruel and unusual punishment was not preserved where defendant failed to object at trial and filed but did not present motion for new trial); *see also Stewart v. State*, No. 13-12-00221-CR, 2013 WL 3517527, at *4 (Tex. App.—Corpus Christi July 11, 2013, no pet.) (mem. op., not designated for publication) (same). We overrule appellant's sole issue as unpreserved for review on appeal.

## II. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the __
26th day of June, 2014.