# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00697-CR

**Michael Dwain Bonnette, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2011-202, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

A jury found appellant Michael Dwain Bonnette guilty of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(1)(B)(i). The jury assessed punishment at life imprisonment. On appeal, Bonnette asserts that the trial court erred in failing to conduct a hearing on his motions for new trial. We affirm the judgment of the trial court.

## DISCUSSION

In his sole issue on appeal, Bonnette asserts that the trial court erred in failing to conduct a hearing on his motions for new trial based on an ineffective-assistance-of-counsel claim.[1] Generally, we review a trial court's decision to conduct a hearing on a motion for new trial for

---

[1] Our resolution of this appellate issue does not implicate the underlying facts of the aggravated sexual assault. Therefore, we will repeat only those facts that are necessary to our disposition of this appeal. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as possible while addressing every issue necessary to disposition of appeal).

an abuse of discretion.  *See Rozell v. State*, 176 S.W.3d 228, 230–31 (Tex. Crim. App. 2005).

However, the State asserts that Bonnette never "presented" his motion for new trial to the trial court

and that, therefore, we need not reach the issue of whether the trial court erred in failing to conduct

a hearing on the motion.  *See id.*

"The right to a hearing on a motion for new trial is not absolute."  *Id.*  A defendant

must file a motion for new trial within thirty days from the date that the trial court pronounces the

sentence.  Tex. R. App. P. 21.4(a).  The defendant may file amended motions for new trial without

leave of the court if (1) the amended motion is filed within thirty days of the pronouncement of the

sentence and (2) the trial court has not already overruled any preceding motion for new trial.  Tex.

R. App. P. 21.4(b).  However, the defendant must "present" a motion for new trial to the trial court

within ten days of filing the motion, "unless the trial court in its discretion permits it to be presented

and heard within 75 days from the date when the court" pronounces sentence.  Tex. R. App. P. 21.6.

To present a motion for new trial, "the defendant must give the trial court *actual

notice* that he timely filed a motion for new trial and request[] a hearing on the motion for new trial."

*Rozell*, 176 S.W.3d at 230.  "The rationale for this requirement is the same as that which supports

preservation of error generally: A trial court should not be reversed on a matter that was not brought

to the trial court's attention."  *Id.*  Therefore, we will not "reach the question of whether a trial court

abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."  *Id.*

In this case, Bonnette timely filed his original motion for new trial asserting that

he "was not provided effective assistance of counsel as detailed in" two affidavits that he attached

to the motion.  These affidavits—one from Bonnette and the other from his mother—list several

2

instances of allegedly deficient performance by Bonnette's trial counsel. The original motion for new trial did not include a request for a hearing on the motion. However, the motion did include a section titled "Notice of Setting" in which the trial court's court coordinator appears to have set a hearing on the motion, but this section was later crossed out by an unknown person.[2]

Two days after he filed his original motion for new trial, Bonnette filed his first amended motion for new trial. This first amended motion asserts that Bonnette's trial counsel was ineffective for failing to interview "numerous witnesses . . . whose testimony would have created reasonable doubt in the minds of the jury and/or convinced the jury to sentence [Bonnette] to less time." The first amended motion includes three additional affidavits from Bonnette's family members and friends and also includes a request for a hearing on the amended motion. Finally, five days after filing his original motion for new trial and three days after filing his first amended motion, Bonnette filed his second amended motion for new trial. This second amended motion is identical to his first amended motion but includes three additional affidavits from Bonnette's family members. *See Klapesky v. State*, 256 S.W.3d 442, 454–55 (Tex. App.—Austin 2008, pet. ref'd) (noting that filing additional affidavits for pending motion for new trial constitutes attempt to amend motion). Both Bonnette's first amended motion and second amended motion for new trial were filed less than thirty days after the trial court pronounced Bonnette's sentence and before the trial court had ruled on Bonnette's original motion for new trial. Therefore, Bonnette was entitled to file these amended motions for new trial without leave from the trial court. *See* Tex. R. App. P. 21.4(b).

---

[2] The record indicates that the "Notice of Setting" section in Bonnette's original motion for new trial was crossed out by someone with the initials "ST." Neither party has identified who this person may be, but it does not appear to be the trial judge or court coordinator.

Bonnette's second amended motion for new trial effectively superseded his previous motions for new trial, making the original motion and first amended motion "a nullity." *See Airco, Inc. v. Tijerina*, 603 S.W.2d 785, 786 (Tex. 1980) (noting that original motion for new trial became nullity after appellant filed amended motion for new trial); *Turner v. Package Express, L.P.*, No. 14-12-00241-CV, 2013 WL 2149786, at *3 n.3 (Tex. App.—Houston [14th Dist.] May 16, 2013, no pet.) (mem. op.) (same).[3] Given that his second amended motion for new trial effectively nullified his previous motions for new trial, Bonnette was required to present his second amended motion to the trial court within ten days of filing it. *See* Tex. R. App. P. 21.6. There is nothing in the record to indicate that Bonnette ever presented his second amended motion for new trial to the trial court. *See Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009) (noting that presentment of motion for new trial "must be apparent from the record"). Bonnette's second amended motion does not include a signature or notation by the trial court or the court coordinator indicating that the motion was brought to the court's attention, nor is there any entry in the docket sheet showing that the motion was presented to the court or set for a hearing. *Cf. id.* (listing ways that record can indicate that motion for new trial was presented); *Butler v. State*, 6 S.W.3d 636, 640–41

---

[3] We have located no Texas cases regarding the effect of filing an amended motion for new trial on a previously filed motion in a criminal case. Although the cases we cite above are civil cases interpreting the requirements for filing a motion for new trial under the Texas Rules of Civil Procedure, the language and time limits of the Rules of Civil Procedure are substantially the same as the language and time limits governing motions for new trial in criminal cases. *Compare* Tex. R. Civ. P. 329b, *with* Tex. R. App. P. 21.4 (governing motions for new trial in criminal cases). Therefore, we look to these cases interpreting the Rules of Civil Procedure for guidance. *See Matter of V.C.*, 829 S.W.2d 772, 773 (Tex. 1992) (noting that Rules of Appellate Procedure "should be interpreted consistently" with Rules of Civil Procedure); *McQuarrie v. State*, 380 S.W.3d 145, 152 (Tex. Crim. App. 2012) (considering civil cases interpreting former Rules of Civil Evidence as persuasive authority for interpreting Rules of Evidence in criminal case).

(Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (concluding that presenting motion for new trial to court coordinator is sufficient to satisfy Tex. R. App. P. 21.6's presentment requirement).

Therefore, we conclude that Bonnette failed to present his second amended motion for new trial to the trial court. Given that the record fails to demonstrate that Bonnette presented his second amended motion for new trial to the trial court, we need not determine whether the trial court abused its discretion in failing to hold a hearing on that motion. *See Rozell*, 176 S.W.3d at 230. We overrule Bonnette's sole appellate issue.

## CONCLUSION

Having overruled Bonnette's only issue on appeal, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: August 7, 2014

Do Not Publish