**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 12, 2018.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00453-CR

## IN RE TUAN VAN LY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 643995**

## MEMORANDUM OPINION

On May 31, 2018, relator Tuan Van Ly filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County, to rule on a

petition for commutation of a sentence that relator allegedly filed with the court on November 16, 2016 and again in May 2017.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it when brought to the court's attention, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was mailed to the clerk at a proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex.

App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.). Moreover, merely "[f]iling a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

The record does not contain a copy of relator's alleged petition for commutation of a sentence. The return receipt from the United States Postal Service attached as Exhibit D to relator's petition is insufficient to show that the alleged petition for commutation of a sentence was filed with the court because it does it does not identify what was mailed and does not state the correct address for the court or the district clerk. Relator has not provided this court with a record that shows that he properly filed his alleged petition and brought it to the attention of the judge for a ruling. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

3