

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00237-CR
07-17-00238-CR
07-17-00239-CR

JOSHUA HARLAN-ROY BARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 22601B, Count I, Count II & Count III, Honorable John Board, Presiding

June 27, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Joshua Harlan-Roy Barker, appellant, appeals from his convictions on three counts of aggravated sexual assault of a child. Originally, he had been placed on community supervision after having the adjudication of his guilt deferred. The State subsequently moved to adjudicate his guilt. Upon hearing the motion and evidence from the parties, the trial court granted it, found appellant guilty of each offense, and assessed a life sentence for each crime; no fines were imposed. Through his two issues, appellant

contends that the sentences levied were cruel and unusual and that the assessment of a $1,500 fine in the bill of costs was wrong.  We overrule issue one and sustain issue two.

*Issue One*

Appellant initially asserts that the life sentences constituted cruel and unusual punishment.  The argument was not mentioned contemporaneously with the trial court's pronouncement of sentence.  Not until he moved for a new trial did he attempt to complain about them, and via that motion he characterized them as "excessive in relation to the offense . . . and therefore cruel and unusual."

We have held that objections to punishment as being cruel and unusual must be preserved for review.  *See e.g.*, *Chappell v. State*, No. 07-17-00151-CR, 2018 Tex. App. LEXIS 882, at *14-15 (Tex. App.—Amarillo Jan. 31, 2018, no pet.) (mem. op., not designated for publication) (so holding).  The State argues that the complaint was not preserved despite its apparent inclusion in the motion for new trial because appellant failed to comply with Texas Rule of Appellate Procedure 21.6.  The latter requires a defendant filing such a motion to "present [it] to the trial court within 10 days of filing . . . unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court."  TEX. R. APP. P*.* 21.6.  That was not done, according to the State.

Indeed, our review of the record uncovered nothing that indicated appellant presented his motion for new trial to the trial court.  Furthermore, presentment is necessary to preserve an objection about the cruel and unusual nature of a sentence uttered within a motion for new trial.  *See Anderson v. State*, No. 02-16-00404-CR, 2018 Tex. App. LEXIS 3516, at *2-3 (Tex. App.—Fort Worth May 17, 2018, no pet. h.) (mem.

2

op., not designated for publication) (holding that appellant failed to preserve his issue regarding the cruel and unusual nature of his sentence because he neither timely objected nor presented his motion for new trial to the trial judge); *see also Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (holding that "[p]resenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion").  Given that the record fails to illustrate appellant complied with Rule 21.6, he did not preserve his objections urged at bar.

*Issue Two*

Appellant next objects to the inclusion of a $1,500 fine within the bill of costs.  Such is error because the trial court levied no fine when orally pronouncing sentence; nor did it include a fine within any of its judgments.  The State agrees, as do we.

The judgments of the trial court are affirmed.  However, we modify the bill of costs drafted by the district court clerk and remove therefrom all reference to a $1,500 fine.

Brian Quinn
Chief Justice

Do not publish.