**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00471-CR**
_____

**PARIS ANDRE THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-12-12977-CR**

**MEMORANDUM OPINION**

Arguing the judgment should be reversed because the trial court failed to conduct an evidentiary hearing on his motion for new trial, Paris Andre Thompson appeals a judgment finding him guilty of evading arrest or detention.[1] Because Thompson has not shown that he exercised due diligence to obtain an evidentiary

_____

[1] *See* Tex. Penal Code Ann. § 38.04(b)(2).

1

hearing on his motion, we hold he failed to properly preserve the only argument he raises in the brief, so we affirm.

Background

In February 2016, a grand jury indicted Thompson for evading arrest or detention. Thompson's indictment includes an allegation claiming he used a vehicle when committing the offense. The indictment also alleges that Thompson, when committing the offense, used or exhibited the vehicle as a deadly weapon.

Six months after Thompson was indicted, he reached a plea bargain with the State. In carrying out his obligations under the plea agreement, Thompson judicially admitted he was guilty of committing the offense, as alleged in the indictment. To carry out the obligations the State agreed to as part of the bargain, the trial court deferred adjudicating Thompson's guilt and placed Thompson on community supervision for a period of six years.

In June 2018, the State moved to revoke the deferred-adjudication order the court signed when placing Thompson on community supervision. The State's motion to revoke alleges that Thompson violated the court's deferred-adjudication order in thirteen specific ways. In November 2018, the trial court conducted a hearing on the motion to revoke. In the revocation hearing, Thompson pleaded "not true" to the allegations in the motion alleging that he had violated the terms in the

2

court's deferred-adjudication order. But after hearing evidence on the motion, the trial court found ten of the allegations, as alleged in the State's motion, were true. After that, the parties presented the punishment evidence relevant to the punishment that should be assessed in Thompson's case. After hearing final argument, the court found Thompson guilty of evading arrest or detention, revoked its deferred-adjudication order, and sentenced Thompson to prison for five years. At the end of the hearing, the trial court also found Thompson used or exhibited a deadly weapon when committing the offense.

After the trial court signed the judgment, Thompson moved for a new trial. In his motion for new trial, Thompson alleged the attorney who represented him in his revocation hearing had been ineffective because he had not "admonish[ed Thompson] regarding the fact that a deadly weapon finding would increase his sentence[.]" The motion for new trial is timely, as Thompson filed it within the period defendants have to file post-judgment motions to overturn a judgment in criminal cases.[2] Thompson's attorney also attached his affidavit to the motion. In the affidavit, Thompson's trial attorney swore that, when he discussed the "offense that was the basis of the Motion to Adjudicate Mr. Thompson['s] Community

---

[2] Tex. R. App. P. 21.1(a) (in criminal cases, providing that a defendant may file a motion for new trial no later than 30 days after the date the trial court pronounced the defendant's sentence).

Supervision[,] I failed to discuss the import of the deadly weapon finding with Mr. Thompson."

The record does not reflect whether Thompson's attorney ever asked the trial court for a hearing on his motion for new trial or in some other way brought the motion to the court's attention. Thompson's motion includes an order, which the trial court never signed, that the court might have used had the court for some reason learned that Thompson had filed the motion and had the court, on its own initiative, decided to set the matter for a hearing. That said, Thompson's motion contains no request for a hearing and ends with a prayer asking the trial court to "set aside the judgment of conviction entered in this cause and order a new trial on the merits."

Simply put, nothing in the record shows the trial court ever saw or knew Thompson had filed a motion for new trial. Seventy-five days after the day the trial court pronounced Thompson's sentence, the motion for new trial was overruled by operation of law.[3]

In the brief Thompson filed to support his appeal, he argues that, had the trial court conducted a hearing on his motion, he could have developed evidence showing that his trial attorney provided him ineffective assistance of counsel. In the appeal,

---

[3] Tex. R. App. P. 21.8(c) (providing that a "motion not timely ruled on by written order will be deemed denied" if the court has not ruled on it within 75 days of the day the court sentenced the defendant in open court).

the State filed a brief arguing the record fails to explain "how [Thompson's] lack of understanding regarding an affirmative deadly weapon finding prejudiced his case or what he would have done differently had he known about the finding's legal significance."

Analysis

A defendant does not have an absolute right to have the trial court grant a hearing on a motion for new trial.[4] Under Texas law, "in the context of a motion for new trial, the defendant must give the trial court *actual notice* that he timely filed a motion for new trial" and that he wants the court to conduct a hearing on his motion.[5] Thus, the defendant must present "the motion, along with a request for a hearing, . . . to let the court know that the defendant . . . would like a hearing on the motion."[6]

To preserve a complaint alleging the trial court failed to conduct a hearing on a motion for new trial, the appellate record must show the defendant made the court aware that he wanted the court to conduct a hearing on his motion.[7] "The rationale for this requirement is the same as that which supports preservation of error

---

[4] *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).
[5] *Id.*
[6] *Id.*
[7] *Id.*

5

generally: A trial court should not be reversed on a matter that was not brought to the trial court's attention."[8]

Before reaching the merits of the parties' arguments, the reviewing court must ensure the defendant preserved his complaint when he was in the trial court before it may reach it upon appeal.[9] The rules of error preservation are in the Texas Rules of Appellate Procedure, and in a criminal case, they require the defendant to produce an appellate record that shows that, while the defendant was in the trial court, he made "the trial court aware of his complaint, unless the specific grounds were apparent from the context[.]"[10]

Here, nothing in the record suggests that Thompson ever made the court aware that he wanted a hearing on his motion for new trial. Thompson did not specifically request a hearing on his motion, and nothing in the record shows that he made the trial court aware the motion for new trial was on file and that he wanted it heard. We conclude Thompson's complaint suggesting the trial court erred by failing to conduct a hearing on his motion was not preserved for the purposes of an appeal.[11]

---

[8] *Id.*
[9] *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017).
[10] Tex. R. App. P. 33.1(a)(1)(A).
[11] *See Obella*, 532 S.W.3d at 407; *Rozell*, 176 S.W.3d at 230.

Conclusion

Given Thompson's failure to preserve his complaint for our review, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 18, 2020
Opinion Delivered December 30, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

7