

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00148-CR

Elvis **VARELA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR7349
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 16, 2024

ABATED AND REMANDED

Elvis Varela appeals his indecency with a child by contact conviction, alleging in part the trial court abused its discretion in failing to hold a hearing on his motion for new trial. We agree, abate the appeal, and remand this cause to the trial court for a hearing on Varela's motion for new trial.

We withdraw our September 4, 2024 submission date; this appeal will be reset for submission at a later date.[1]

BACKGROUND

A grand jury indicted Varela on one count of indecency with a child by contact. Before voir dire, the trial court, the State, and Varela's counsel discussed Varela's eligibility for probation. Varela elected for the trial court to decide punishment. The jury heard the evidence and found Varela guilty as charged. After releasing the jury, the trial court announced the offense was "not probation eligible." At the punishment hearing, the State did not present evidence; six witnesses testified for the defense. The trial court sentenced Varela to eleven years in prison.

Varela, represented by new counsel, filed a motion for new trial supported by affidavits. He alleged ineffective assistance based on trial counsel's "entirely incorrect and erroneous" advice that the trial court could and "would give him probation if he was convicted at trial," and trial counsel's failure to advise him "of the entire landscape of his case in order to make an intelligent assessment about whether to enter a plea bargain or proceed to trial." The trial court did not hold a hearing on the motion and it was denied by operation of law. TEX. R. APP. P. 21.8(c). Varela appeals.

ANALYSIS

***Hearing on Motion for New Trial***

Varela asserts the trial court abused its discretion when it failed to hold a hearing on his motion for new trial.

---

[1] In light of our disposition of Varela's first issue, we decline to address his remaining appellate arguments at this time. *See* TEX. R. APP. P. 47.1.

*Applicable Law and Standard of Review*

"The purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal." *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). "Such a hearing is not an absolute right." *Id*. "But a trial [court] abuses [its] discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief." *Id*. "A new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim." *Id*. "If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required." *Id*. "Although . . . a defendant need not plead a prima facie case in his motion for new trial, he must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail." *Id*. at 199–200.

"The defendant must put the trial judge on actual notice that he desires the judge to take some action, such as making a ruling or holding a hearing, on his motion for new trial." *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). Therefore, "[i]n addition to timely filing the motion with supporting affidavits that demonstrate reasonable grounds for believing that some error has occurred, the defendant must present the motion to the trial court." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (internal citation omitted). Generally, "[t]he defendant must present the motion for new trial to the trial court within 10 days of filing it[.]" TEX. R. APP. P. 21.6. "'Presentment' must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Gardner*, 306 S.W.3d at 305. While Rule 21.6 does "not require a personal visit [to the trial court]," it "do[es] require some documentary evidence

or notation that the trial [court] personally received a copy of the motion and could therefore decide whether to set a hearing or otherwise rule upon it." *Id.*

If a trial court abuses its discretion in failing to hold a hearing on a properly presented motion for new trial, the remedy is abatement with instructions to hold a hearing on the motion. *Hobbs*, 298 S.W.3d at 203; Tex. R. App. P. 44.4 (providing that if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not affirm or reverse"; instead, it "must direct the trial court to correct the error").

*Application*

Varela filed his motion for new trial on January 5, 2023. The clerk's record contains the motion with an unsigned Order Setting Hearing Date and an unsigned Order For New Trial. The record also contains a signed Notice of Presentment, indicating Varela presented it and the trial court received it on January 12, 2023. Tex. R. App. P. 21.6. The State assumes, without conceding, that Varela preserved this issue. It notes that Varela filed the motion with proposed orders and notice of presentment on different days and the trial court did not make markings on the motion or proposed orders. But "we are required to presume the regularity of trial court proceedings," and "[t]he presumption of regularity . . . requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." *Egger v. State*, 62 S.W.3d 221, 224 (Tex. App.—San Antonio 2001, no pet.). And the documents reflect that Varela presented the motion and the proposed orders to the trial court and therefore put the trial court on actual notice that he desired the court to either make a ruling or hold a hearing on his motion for new trial. *See Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam); *Rozell*, 176 S.W.3d at 230; *Gardner*, 306 S.W.3d at 305. We therefore

conclude that Varela properly presented the motion for new trial and turn to whether the trial court abused its discretion in failing to hold a hearing. *Hobbs*, 298 S.W.3d at 199.

In his motion for new trial, Varela alleged trial counsel explained to him that if he were convicted in a jury trial, the trial court could and would give him probation, and that, but for this erroneous advice, he would have proceeded with his case in a different manner—either resolving this case during the plea bargaining process or electing for the jury to sentence him. He also asserted that he was never informed of an option to request deferred adjudication.

"To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). "[I]f the deficient performance might have caused the waiver of a proceeding, the defendant's burden is to demonstrate a reasonable probability that the deficient performance caused the defendant to waive a judicial proceeding that he was otherwise entitled to have." *Id*. "The focus then is on the defendant's decision making." *Id*. Unlike a typical ineffective assistance of counsel claim, the question is not whether the deficient performance led to a judicial proceeding of disputed reliability. *Lee v. United States*, 582 U.S. 357, 364–65 (2017). Instead, it is whether the deficient performance led to the forfeiture of a proceeding itself. *Id*.

**Deficient Performance.** In his affidavit, Varela averred that defense counsel never informed him of an option to request "deferred adjudication." And Varela swore that defense counsel "told me that I would get probation from the Judge if I was found guilty after a trial. . . . He told me I would not go to jail as long as the Judge gave me my sentence." Varela described the text messages he sent to his fiancée telling her the "good news . . . that I would be getting probation if the jury found me guilty." In her affidavit, Varela's fiancée attested to receiving those texts. She set out the timing and wording of them. She also noted that just before she received them, defense

counsel had told her the same thing—that Varela would receive probation from the judge. And she immediately sent a text to Varela's sister sharing that information. In her affidavit, Varela's sister swore to witnessing defense counsel speak to Varela's fiancée and to receiving her text.

These alleged facts, if true, would support a finding of deficient performance because an individual adjudicated guilty of indecency with a child under age fourteen is *not* eligible for probation from a judge or a jury but *is* eligible for deferred adjudication community supervision in limited circumstances. *See* TEX. PENAL CODE ANN. § 21.11(a) (defining offense of indecency with a child); TEX. CODE CRIM. PROC. ANN. art. 42A.053 (authorizing judge, after conviction or a plea of nolo contendere, to place a defendant on community supervision); TEX. CODE CRIM. PROC. ANN. art. 42A.054(a)(7) (preventing judge from ordering community supervision if a defendant is adjudged guilty of indecency with a child); TEX. CODE CRIM. PROC. ANN. art. 42A.056(4) (providing that a defendant is not eligible for community supervision under article 42A.055 if the defendant is convicted of, inter alia, indecency with a child and the victim "was younger than 14 years of age"); TEX. CODE CRIM. PROC. ANN. art. 42A.102(a) (authorizing judge to "place on deferred adjudication community supervision a defendant charged with" indecency with a child "regardless of the age of the victim" only if the judge finds that such placement is in the best interest of the victim); TEX. CODE CRIM. PROC. ANN. art. 42A.102(b) (describing other limitations on judge's ability to place defendant on deferred adjudication community supervision). This case, therefore, "presents an ineffective-assistance-of-counsel claim stemming from the ever-fruitful topic of bad advice about probation eligibility." *See Swinney v. State*, 663 S.W.3d 87, 89 (Tex. Crim. App. 2022).

**Prejudice.** In his affidavit, Varela swore:

> If I knew that the Judge could not give me probation, I would have wanted the jury
> to do my punishment at trial. But also, if I knew that I couldn't get probation if I

was convicted at trial, I would have asked my lawyer to plea bargain or negotiate some sort of deal that would get options besides going to prison.

He explained that counsel's incorrect advice "made me not consider taking a plea because I thought I would get probation from the Judge if I was found guilty." He therefore alleged facts that, if true, demonstrate a reasonable probability that the purported deficient performance caused him to waive a judicial proceeding that he was otherwise entitled to have. *See Miller*, 548 S.W.3d at 499.

The State argues the record defeats Varela's ineffective assistance claim because it shows: (1) the parties agreeing Varela was ineligible for probation from the trial court after conviction; (2) Varela rejected the State's offer to apply for deferred adjudication; and (3) the trial court correctly stated the punishment range as two to twenty years in the penitentiary during voir dire. We disagree the record estops Varela's ineffective assistance claim.

Before voir dire, the trial court, the State, and Varela's counsel discussed whether the trial court had authority to grant Varela "regular probation" as well as Varela's as-yet-unfiled punishment election:

THE COURT: . . . . What is the charge?

THE STATE (ECHEVERRIA): Indecency with a child by contact.

THE COURT: Okay.

THE STATE (ECHEVERRIA): Second degree felony.

THE COURT: Okay. And would he not be eligible for regular probation?

THE STATE (JACKSON): I know he's -- if there's no felony history, at the very least he would be eligible from the -- from the jury, Judge.

THE COURT: Well, yeah, I know that.

THE STATE (JACKSON): There has been an offer made and it has been rejected.

THE STATE (ECHEVERRIA): Not -- not of probation.

THE STATE (JACKSON): Well, but of allowing them to apply for deferred.

THE COURT: Well, in any event, I just didn't want to take the time to look it up. *Is this one of those that I have no authority to grant probation?*

DEFENSE COUNSEL: *Not that I'm aware.*

THE STATE (JACKSON): *Not that I'm aware of, Judge.*

THE COURT: Okay. Yeah, it's not – indecency is different than sexual assault.

THE STATE (JACKSON): Yeah.

DEFENSE COUNSEL: Right.

THE COURT: Okay. So have you made an election?

DEFENSE COUNSEL: We have not yet, Judge. But I guess -- as of 45 minutes ago, I did not know I was going to trial.

THE COURT: Well, that's all right.

THE STATE (JACKSON): We request that he make it now.

. . . .

THE COURT: Okay, [defense counsel], that's good. All right. You need to make your election. All right. So that's that.

. . . .

THE COURT: . . . . And have you guys made your election?

DEFENSE COUNSEL: He has, Your Honor. He selected the judge.

This record does not show the parties agreed that Varela *was ineligible* for probation from the trial court after conviction. The above exchange supports the opposite conclusion—that the parties agreed that Varela *was eligible* to receive a probated sentence from the trial court. Therefore, even if this excerpt may call into question Varela's claim that he did not know about the State's offer to consent to a jury waiver so he could seek deferred adjudication, this excerpt does not defeat

Varela's claim that counsel provided erroneous advice. *See Ex parte Harris*, ___ S.W.3d ___, No. WR-84,704-02, 2024 WL 590622, at *1 (Tex. Crim. App. Feb. 14, 2024) (per curiam).

After the jury convicted Varela, but before the punishment hearing began, the trial court, the State, and Varela's counsel discussed the probation issue again:

> THE COURT: Okay. Now there's no question in my mind. I've looked. It is not probation eligible. I don't think there's any debate. Is everybody clear on that? This case is not probation eligible.
>
> DEFENSE COUNSEL: I hadn't searched the issue as I was going to because you had said it earlier or yesterday that we were going to save that for the PSI. So I had not –
>
> THE COURT: Okay.
>
> DEFENSE COUNSEL: I take the Court's –
>
> THE COURT: That's the presumption I have. It's crystal clear.
>
> THE STATE (JACKSON): Yes, Judge, according to the code.

Again, this record does not defeat Varela's claim that counsel provided erroneous advice. And again, Varela's contention that he would have proceeded with his case in a different manner if he had been properly advised reasonably demonstrates that he may be able to prevail on the prejudice prong of the ineffective assistance claim. *See Walker v. State*, 651 S.W.3d 7, 14 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) (per curiam). Similarly, we do not believe that the trial court's statement, during voir dire, that this is "a felony matter and it is a second degree felony, punishable by from two to 20 years in the penitentiary and up to a $10,000 fine," estops Varela from demonstrating ineffective assistance in these circumstances. *See Miller*, 548 S.W.3d at 499.

We conclude that Varela's motion and affidavits put the trial court on notice that reasonable grounds existed to believe that counsel's representation may have been ineffective. *Hobbs*, 298 S.W.3d at 199. And the motion raised matters not determinable from the record. *See Ex parte Harris*, 2024 WL 590622, at *2. Varela "is entitled to put his side of the [defense-counsel's-advice

full] story on the record. So is defense counsel." *Hobbs*, 298 S.W.3d at 202. Only then can the trial court make the credibility and factual determinations that will either entitle Varela to a new trial or complete the record for presenting his issues on appeal. *Id*. at 199, 202. We therefore sustain Varela's first issue, decline to address his second and third issues, and abate the appeal. TEX. R. APP. P. 44.4.

## CONCLUSION

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after the supplemental reporter's and clerk's records are filed. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the date and time of the hearing.

Beth Watkins, Justice

DO NOT PUBLISH