# NO. 12-23-00119-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GEORGE RANDALL GILCHRIST,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

George Randall Gilchrist appeals his convictions for three counts of aggravated assault of a child. In two issues, Appellant asserts the trial court erroneously failed to hold a hearing on his motion for new trial and he was denied effective counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with three counts of aggravated sexual assault of a child. Appellant's initial jury trial resulted in a mistrial when the jury could not reach a verdict. Appellant was then tried before a different jury after pleading "not guilty." The jury ultimately found Appellant "guilty" of all three counts and sentenced him to imprisonment for life and a $10,000 fine for each. Appellant filed a motion for new trial asserting that the evidence is insufficient to support his conviction and he was denied effective assistance of counsel. The motion was overruled by operation of law. This appeal followed.

**HEARING ON MOTION FOR NEW TRIAL AND INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Appellant contends that the trial court improperly denied a hearing on his motion for new trial because he raised an ineffective assistance of counsel claim. In his second issue, Appellant asserts he was denied effective assistance of counsel. We address these issues together.

**Standard of Review**

A defendant has a right to move for a new trial. *See* TEX. R. APP. P. 21; *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987); *Cooks v. State*, 190 S.W.3d 84, 86–87 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 240 S.W.3d 906 (Tex. Crim. App. 2007). A criminal defendant does not, however, have an "absolute right" to a hearing on his motion for new trial. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). We review the denial of a hearing on a motion for new trial for an abuse of discretion and will reverse only if the trial court's ruling falls outside the zone of reasonable disagreement. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The failure to hear the motion constitutes an abuse of discretion only if the motion and accompanying affidavits (1) raise matters which are not determinable from the record, and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* at 338–39.

The defendant must support the motion for new trial with one or more affidavits that set forth the factual basis for the relief sought. *Id.*; *see Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). The defendant need not establish a prima facie case for a new trial; a hearing on the motion for new trial is warranted if the motion raises fact issues showing that reasonable grounds exist for granting a new trial. *Wallace*, 106 S.W.3d at 107–08; *see* TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2018); *Hobbs*, 298 S.W.3d at 201–02. The hearing's purpose is to give the defendant an opportunity to fully develop the issues raised in his motion (1) so that the trial court can decide whether the case should be retried and (2) to prepare a record for presenting issues on appeal if relief is denied. *Smith*, 286 S.W.3d at 338.

The issue is preserved by a timely filed and presented motion for new trial that requests a hearing. *See Rozell v. State*, 176 S.W.3d 228, 230–31 (Tex. Crim. App. 2005) (issue of trial court's failure to hold hearing on motion for new trial not preserved where motion for new trial did not request a hearing). Once a defendant has done that, he has told the trial court what he wants at a time when the trial court is in a position to do something about it. *See Pena v. State*,

285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *see also* **Rozell**, 176 S.W.3d at 230 ("Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion.").

**Ineffective Assistance of Counsel**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). **Hernandez v. State**, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the **Strickland** test, an appellant must show that counsel's performance was "deficient." **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064; **Tong v. State**, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." **Id.**, 466 U.S. at 688, 104 S. Ct. at 2064; **Tong**, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064; **Tong**, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712. The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. **Burruss v. State**, 20 S.W.3d 179, 186 (Tex. App.—Texarkana 2000, pet. ref'd).

It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. **Id.** He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or that the extent of his punishment would have been less. *See id.*; *see also* **Bone v. State**, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002). A reasonable probability is a probability sufficient to undermine confidence in the outcome. **Strickland**, 466 U.S. at 694, 104 S. Ct. at 2068; **Tong**, 25 S.W.3d at 712. An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. **Mitchell v. State**, 989 S.W.2d 747, 748 (Tex. Crim. App.

1999). Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. "We engage in a 'strong presumption' that counsel's actions fell within the wide range of reasonably professional assistance." *Id* (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2052). It is a defendant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Absent an opportunity for counsel to explain his actions, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Thompson*, 9 S.W.3d at 813.

To be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, Appellant "must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his [punishment] trial would have been different." *Smith*, 286 S.W.3d at 340–41.

## Analysis

Appellant timely filed a motion for new trial in which he alleged (1) the verdict is contrary to the evidence, (2) he was denied his right to present his defense because the victim's mother was not subpoenaed to testify at the guilt/innocence phase, and (3) his trial counsel was ineffective by failing to move for a continuance when the victim's mother's testimony was not secured.[1] In support of his motion, Appellant attached the transcript of the initial trial and an

---

[1] In his brief, Appellant claims he asserted that trial counsel was ineffective for failing to timely subpoena a witness as well as failing to request a continuance. However, in his motion for new trial, Appellant's argument regarding securing the mother's testimony states that his "right to present a defense was abrogated by the State not filing a subpoena for" the mother. To the extent Appellant attempts to argue that his trial counsel failed to subpoena

affidavit from trial counsel explaining how he attempted to secure the mother's testimony and why he did not seek a continuance. Appellant filed a request for an evidentiary hearing and acknowledgement of presentment of his motion for new trial. After no ruling was made, Appellant filed a second request for a hearing. Once the motion for new trial was overruled by operation of law, the trial court filed an acknowledgement of presentment of the motion for new trial. Therefore, Appellant preserved his issue by timely presenting the motion to the trial court.

As previously stated, before he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Smith*, 286 S.W.3d at 340–41. Because "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record," the record will generally "not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard." *Id.* at 341. The same is true in the instant case; whether counsel's failures in fact show a deficiency that prejudiced Appellant's defense is not determinable from the record. Because Appellant's claim is not determinable from the record, we must decide whether his motion and affidavit show reasonable grounds that could entitle him to relief. To do so, Appellant must allege facts that would reasonably show that his counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712.

In support of his motion, Appellant attached an affidavit from trial counsel. Trial counsel's affidavit explains why he did not seek a continuance:

> The rationale behind not asking for a continuance was the procedural history of the prosecution. We first tried this case with Ms. Corrin present in November 2022, that case resulted in a hung jury. The State wanted to retry the case in December. I asked for the retrial to be in January to give me time to work on other cases. In January, the decision was made to move jury selection again, because the week prior to jury selection only a limited number of jurors had responded. In February, we attempted to pick a jury, but we busted that panel. The State again asked for a March setting, but I asked for an April trial setting. I had broken my ankle in late November and in March I begin physical therapy and wanted to have some time to improve my mobility. I did not

---

the mother, his motion for new trial specifically states the opposite: "Defense subpoenas were issued to secure her presence." And Appellant argued in his motion for new trial that the State assisted the mother in avoiding service which prevented him from presenting a defense.

ask for a continuance at the April trial setting because I did not think the Judge would have entertained a continuance.

Trial counsel's affidavit adequately explains his actions and does not support Appellant's claim of deficient performance.

There is no reasonable probability that had counsel moved for a continuance, the result of trial would have been different. First, as trial counsel explained, the likelihood of the trial court granting a continuance was quite slim under the procedural history of the case and Appellant makes no argument that the denial of the motion for continuance would have been error. Additionally, Appellant appears to believe that the mother's testimony at the first trial is the reason for the hung jury. But this is pure speculation. Moreover, the record indicates that Appellant was able to present his defensive positions that the victim fabricated the sexual assault claim and that the house (where the offense allegedly occurred) was under construction and the family did not live there for a time, thereby undermining the victim's account, through other witnesses and exhibits. Accordingly, Appellant cannot prevail on his ineffective assistance claim.

## Conclusion

In summary, Appellant's motion for new trial and supporting affidavit raised a matter not determinable from the record, namely, that trial counsel was ineffective for failing to move for a continuance to secure a witness's testimony. Nevertheless, Appellant failed to establish reasonable grounds to believe that he could, under *Strickland*, prevail on his claim of ineffective assistance of counsel, entitling him to a new trial. Specifically, by failing to explain how counsel's allegedly unprofessional errors would have changed the verdict, the appellant failed to show that but for counsel's deficiency the result of the trial would have been different. Consequently, Appellant did not present facts adequate to demonstrate reasonable grounds exist to believe he could prove ineffective assistance of counsel at an evidentiary hearing. Under these circumstances, the trial court did not abuse its discretion in failing to hold a hearing on Appellant's motion for new trial. Nor can Appellant prove he received ineffective assistance of counsel. We overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00119-CR**

**GEORGE RANDALL GILCHRIST,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F2326776)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*